CASE 4—PETITION ORDINARY—JUNE 13.

## Louisville Rock and Lime Company v. Kerr, &c.

APPEAL FROM THE JEFFERSON COURT OF COMMON PLEAS.

1. On the 7th of May, 1878, the appellant recovered a judgment against the appellee in the Jefferson Court of Common Pleas. On the 9th the appellee moved for a new trial, which, on the 8th of June, was overruled. On the 15th of June appellee moved to set aside the order overruling the motion for a new trial. On the 20th of July the Court set aside the order of June 8th, and granted a new trial. The order was void.

Louisville Rock and Lime Company v. Kerr, &c.

2. A motion for a new trial suspends the judgment. Not so with a motion to set aside an order overruling a motion for a new trial.

MESSRS. LANE & HARRISON FOR APPELLANT.

The order of the 20th of July, 1878, is void. The Court had lost all power over the case at that time. (Louisville Chemical Works. v. Commonwealth, 8 Bush, 182; Act to amend an act, entitled " An act to establish a Court of Common Pleas for the county of Jefferson," approved February 24, 1865; Civil Code, secs. 771 and 772; Hilliard on New Trials, p. 75; Buckner v. Conley, 1 Monroe, 3; Freeman on Judgments, seos. 121 and 96; McManama v. Garnett, 3 Met., 517; Civil Code, sec. 518; Megowan v. Pennebaker, 3 Met., 501; Civil Code, sec. 514; Huntington v. Finch, 3 Ohio S., 445; Henderson. v. Gibson, 19 Md., 234; Durant v. Gabbey, 2 Met., 91; Chinn v.. Mitchell, Ibid, 93; Gaines v. Darley, 1 J. J. Mar., 478.)

MESSRS. BEATTIE & WINCHESTER FOR APPELLEES.

1. The Court has no jurisdiction of the appeal. (Christian v. Pinckney, MS. Opin., October, 1857; McCall v. Hitchcock, 7 Bush, 615; Same v. Same, 9 Ibid, 66; Dodd v. Combs, 3 Met., 29; Robinson v. Mobley, 1 Bush, 197; Long v. Gaines, 4 Ibid, 384; Buckner v. Conley, 1 Mon., 3; Turpin v. Turpin, 3 J. J. Mar., 328; Civil Code, secs. 772 and 836.)

2. A motion for a new trial suspends the judgment. (Reynolds v. Horine, 13 B. Mon., 235; Turpin v. Turpin, 3 J. J. Mar., 328.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

May 7th, 1878, the appellant recovered a verdict and judgment against the appellees in the Jefferson Court of Common Pleas. May the 9th the appellee filed grounds and. moved the Court for a new trial, which was overruled June 8th. June 15th the appellees entered a motion to set aside the order overruling the motion for a new trial and for a rehearing of said motion, and July 20th the Court set aside the order of June 8th, and granted a new trial.

The appellant, regarding the order granting a new trial as void, moved the Court to set it aside; but the motion. was overruled, and this appeal is. prosecuted to have said. order reversed.

Counsel agree that the Common Pleas Court has the same power over its judgments and orders for the period of sixty days which Circuit Courts have over their judgments and orders during the term at which they are rendered and made.

More than sixty days elapsed between the date of the judgment and the making of the order granting a new trial, and it is clear that the Court then had no power to grant a new trial unless the entry of the motion to set aside the order denying a new trial had the effect to prolong the duration of the Court's power over the judgment.

A motion for a new trial suspends the judgment, and may be continued and passed upon at a subsequent term. But it by no means follows that a motion to set aside an order overruling a motion for new trial has a like effect. If this were so, then no reason is perceived why motions and counter-motions may not be continued indefinitely.

When a motion for new trial has been made and overruled, the only redress of the defeated litigant is by appeal. It is true, the Court, having power over its judgments and orders during the term, or, in the case of the Jefferson Court of Common Pleas, for sixty days, has power within that time to set aside an order overruling a motion for a new trial; but that power of the Court cannot be extended beyond the period limited by the mere entry within the time of a motion to set aside the order refusing a new trial. Such practice is not only unauthorized by anything in the Code or in the act relating to the Common Pleas Court, but is contrary to the recognized rules of practice prior to the Code, and would be calculated to seriously embarrass both Courts and litigants. If the Courts have power to entertain such

motions, it would seem to follow that parties have a right to make them, and to concede this is to render litigation practically interminable.

There is no authority for a motion to rehear a motion for a new trial, and consequently such a motion cannot enlarge the period during which the Court has power over its orders, and the order granting a new trial was void.

The appellant having moved to vacate this void order, and his motion having been denied, this Court has jurisdiction of an appeal from that void order. There cannot be a re-trial of this cause. The verdict and judgment of May 7 are in full force, and there is nothing to try; and the case is wholly different from one in which the Court had authority to grant a new trial in the ordinary way during the term or within the period prescribed by law.

The order setting aside the order overruling a motion for a new trial, and purporting to set aside the verdict and judgment of May 7, 1877, is reversed, and the cause is remanded, with directions to dismiss the motion of June 15.