# Shelman v. Knopp.
## Same v. Dunn.

Oct. 20, 1939.

Woodward, Dawson & Hobson and Walls & Kincheloe for appellant.

Leo Sandmann for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

In July, 1935, the appellees filed their separate petitions against the appellant in the Jefferson circuit court, common pleas branch. The two actions presented the same question or same alleged causes of action and were tried together in the lower court, and likewise consolidated on this appeal and both appeals will be disposed of in the same opinion.

By these actions the appellees sought to recover of appellant damages for alleged malicious prosecution. The issues were made and the cases were tried on November 12, 1937, and at the close of the evidence the court peremptorily instructed the jury to find a verdict for the defendant, now appellant. On November 13, 1937, motion and grounds for a new trial were filed, and on February 19, 1938, the motion and grounds for a new trial were overruled. On February 25, 1938, an order was entered praying an appeal which was granted. On

March 26, 1938, appellees, plaintiffs below, withdrew their motion and order entered February 25, 1938, praying an appeal, and moved the court to set aside the order of February 19, 1938, overruling the motion for a new trial. On April 19, 1938, the court entered an order sustaining the motion to overrule the order on February 19, to which the defendant excepted. On April 30, the defendant moved the court to set aside the order of April 19, 1938, setting aside the court's order of February 19, 1938, and on October 8, 1938, this last motion was overruled, to which the defendant excepted and prayed an appeal which was granted.

The only question presented for decision on these appeals, is, whether or not the trial court had jurisdiction to set aside the order entered on February 19, 1938, overruling appellees' motion for a new trial. It is conceded that the filing of the motion and grounds for a new trial suspended the judgment until the court ruled on that motion on February 19, 1938. The appellant insists, however, that the court's order of February 19, overruling the motion for a new trial was final and the judgment then became effective as of November 12, 1937, and the court was without jurisdiction to set aside the order of February 19, since sixty days had elapsed between the date of the judgment and the order granting the new trial April 19, 1938. To sustain this position appellant cites and relies upon the case of Louisville Rock & Lime Company v. Kerr, 78 Ky. 12. It appears that on May 7, 1878, the appellants in that case recovered a verdict and judgment against the appellees in the Jefferson court of common pleas, and on May 9, the appellees filed grounds and moved the court for a new trial, which was overruled on June 8. On June 15, the appellees entered a motion to set aside the order overruling the motion for a new trial and for a rehearing of said motion, and on July 20, the court sustained the motion and set aside the order of June 8, and granted a new trial. The appellant moved the court to set aside the order of July 20, but the motion was overruled, and upon an appeal to this court the case was reversed on the grounds that sixty days had elapsed between the date of the judgment and the making of the order granting a new trial. The opinion in that case reads, in part, as follows:

"More than sixty days elapsed between the date of the judgment and the making of the order

granting a new trial, and it is clear that the Court then had no power to grant a new 'trial unless the entry of the motion to set aside the order denying a new trial had the effect to prolong the duration of the Court's power over the judgment.

. "A motion for a new trial suspends the judgment, and may be continued and passed upon at a subsequent term. But it by no means follows that a motion to set aside an order overruling a motion for new trial has a like effect. If this were so, then no reason is perceived why motions and counter-motions may not be continued indefinitely.

"When a motion for new trial has been made and overruled, the only redress of the defeated litigant· is by appeal. It is true, the Court, having power over its judgments and orders, during the term, or, in the case of the Jefferson Court of Common Pleas, for sixty days, has power within that time to set aside an order overruling a motion for a new trial; but that power of the Court cannot be extended beyond the period limited by the mere entry within the time of a motion to set aside the order refusing a new trial. Such practice is not only unauthorized by anything in the Code or in the act relating to the Common Pleas Court, but is contrary to the recognized rules of practice prior to the Code, and would be calculated to seriously embarrass both Courts and litigants. If the Courts have power to entertain such motions, it would seem to follow that parties have a right to make them, and to concede this is to render litigation practically interminable.

"There is no authority for a motion to rehear a motion for a new trial, and consequently such a motion cannot enlarge the period during which the Court has power over its orders, and the order granting a new trial was void.

"The appellant having moved to vacate this void order, and his motion having been denied, this Court has jurisdiction of an appeal from that void order. There cannot be a re-trial of this cause. The verdict and judgment of May 7 are in full force, and there is nothing to try; and the case is wholly different from one in which the Court had authority to grant a new trial in the ordinary way

during the term or within the period prescribed by law.''

See, also, Snyder v. Cox, 53 S. W. 263, 265, 21 Ky. Law Rep. 796, wherein the Kerr case, supra, was referred to with approval in determining a like question. In the opinion in that case the court refers to and quotes from Dorland v. Cunningham, 66 Cal. 484, 6 P. 135, as follows:

''If the practice of moving to set aside an order granting or denying a new trial should be allowed, 'the proceedings after judgment would be interminable, for the last order could be vacated upon motion of the losing party, and so ad infinitum. There must be some point where litigation in the lower court terminates, and the losing party is turned over to the appellate court for redress.' * * *''

The court concluded that opinion with this statement:

''This being true, the question arises, what is the effect of the motion to reconsider and set aside the order granting a new trial, or refusing one? As we have said, this court, in the case supra [Kerr case], adjudged that such a motion for a new trial is not authorized by the Code of Practice.''

It appears to us that the authorities, supra, are conclusive of this case. It follows that after the entry of the order of February 19, 1938, overruling the motion and grounds for a new trial, the court was without authority or jurisdiction to reconsider that motion and the judgment became final.

Wherefore, the judgments are reversed and remanded with directions to set aside the order of April 19, 1938, sustaining the motion to set aside the order of February 19, 1938, and for proceedings consistent with this opinion.