**Glenn TAYLOR et al., Appellants,**

v.

**Noah WARMAN, Appellee.**

Court of Appeals of Kentucky.

Feb. 5, 1960.

Homer W. Ramsey, Whitley City, for appellants.

G. W. Stephens, Whitley City, for appellee.

CULLEN, Commissioner.

The Court on its own motion is dismissing this appeal because the notice of appeal was not filed in time.

The judgment was entered on March 15, 1957. Within 10 days there-

after the defendant-appellant filed a motion for a new trial. The motion was overruled on December 16, 1957. On February 26, 1958, the defendant-appellant tendered another motion for a new trial, which the court by order of February 27, 1958, refused to permit to be filed. The notice of appeal then was filed on March 25, 1958.

While the first motion for a new trial operated to terminate the running of the time for taking the appeal, the time commenced to run again when the motion was overruled, under CR 73.02, and it expired 30 days after the entry of the order overruling the motion. The second motion for a new trial could not operate to again terminate the running of the time for appeal, because such motion was not "timely" within the meaning of CR 73.02, it not having been filed within 10 days after entry of judgment as required by CR 59.02. The Rules of Civil Procedure do not contemplate or permit the staying of the time for taking an appeal indefinitely by the filing of a series of motions for a new trial.

Another ground for dismissing the appeal would be that the appellant's designation of the record did not purport to be a designation of the complete record and he did not serve a statement of the points on which he intended to rely on the appeal, as required by CR 75.04. See Knight v. Resolute Insurance Co., Ky., 321 S.W.2d 255.

We also point out that the narrative statement of the evidence filed by the appellant was not settled and approved by the circuit court. We are inclined to the view stated in the comments in Clay, CR 75.13, that such settlement and approval are necessary even where the opposing party has not served objections or proposed amendments to the narrative statement. While this failure of settlement and approval would not be grounds for dismissing the appeal, it would be grounds for striking the narrative statement, with the result that our review would be limited to the question of whether the pleadings support the judgment, which they do.

The appeal is dismissed.