Robert Lee RODGERS, by his next friend, Emma Mae Rodgers, Appellant,

v.

Willie Lee BERRY, Appellee.

Court of Appeals of Kentucky.

April 28, 1961.

H. Solomon Horen, Harry F. Malone, Louisville, for appellant.

J. W. Clements, Louisville, for appellee.

CULLEN, Commissioner.

The Court is sustaining the appellee's motion to dismiss this appeal on the ground

that the notice of appeal was not filed in time.

The judgment was entered on April 15, 1960. Motion for a new trial was filed by the plaintiff on April 22, within the 10-day period allowed by CR 59.02. The motion was overruled on June 9. On June 20 the plaintiff filed a motion for reconsideration and vacation of the order overruling the motion for a new trial.. On October 11 the court overruled this second motion. On November 10 the plaintiff filed a. notice of appeal stating that he was appealing from the judgment of April 15 . and from the order of October 11.

■ An order overruling a motion for a new trial is not appealable as such. White v. Hardin County Board of Education, Ky., 307 S.W.2d 754; · Hardin v. Waddell, Ky., 316 S.W.2d 367. Obviously, then, an order overruling a motion to reconsider a previous order overruling a motion for a new trial is not appealable. See Safeway Stores ' v. Coe, 78 U.S.App. D.C. 19, 136 F.2d 771, 148 A.L.R. 782. So the attempted appeal from the order ·of October 11 is a nullity. ·

■ A motion for a new trial .or a motion to vacate a judgment may be filed within 10 days after entry of judgment, CR 59.02, 59.05, and such a motion timely filed terminates the running of the time for appeal, CR 73.02. But a motion for reconsideration of a prior order overruling a motion for a new trial does not terminate the running of the time for appeal (at least where such second motion is filed more than 10 days after judgment). Yates v. Behrend, D.C.Cir., 280 F.2d 64; Randolph v. Randolph, 91 U.S.App.D.C. 170, 198 F.2d 956; Marten v. Hess, 6 Cir., 176 F.2d 834; Gersing v. Chafitz, 77 U.S.App.D.C. 38, 133 F.2d 384.

This ruling is consistent with our holding in Taylor v. Warman, Ky., 331 S.W.2d 899, that the filing of a second motion for a new trial, after a first motion has been ruled upon and after 10 days have expired from the entry of judgment, does not operate to terminate the running of the time for appeal.

We deem it appropriate to say that it is doubtful whether there is any authority for the trial court to entertain a motion to reconsider an order ruling upon a motion for a new trial, even if such second motion is filed within 10 days after judgment. Prior to the adoption of the Civil Rules in Kentucky it was held that there was no authority for such a motion. Shelman v. Knopp, 280 Ky. 145, 132 S.W.2d 737. We find no basis in the Civil Rules for permitting such a motion. In extraordinary situations relief can be sought through CR 60.02.

The time for taking an appeal commenced to run in the instant case on June 9, when the motion for a new trial was overruled. The notice of appeal filed on November 10 was much too late.

The appeal is dismissed.