**Gene E. JUDD, Appellant,**

**v.**

**Holline JUDD, Appellee.**

**Gene E. JUDD, Petitioner,**

**v.**

**W. Major GARDNER, Judge, etc., Respondent.**

Court of Appeals of Kentucky.

Dec. 11, 1964.

As Modified on Denial of Rehearing March 12, 1965.

Eldon L. Webb, Ashland, for appellant and petitioner.

Thomas S. Burchett, Jr., Ashland, Y. E. Kennard, Olive Hill, for appellee.

No attorney for respondent.

MONTGOMERY, Judge.

Judgment in a divorce action instituted by Holline Judd was entered December 12, 1963. Gene E. Judd has sought to appeal therefrom. The appellee has moved to dismiss the appeal because it was not perfected timely.

The statement of appeal and transcript of the record were filed August 19, 1964. Appellant contends that his appeal is timely and claims that the time for filing an appeal was tolled by the filing on March 25, 1964, of a motion to set aside and vacate the judgment, which motion was overruled on April 27, 1964.

In the March 25, 1964 motion, reference is made to an earlier motion to set aside and vacate, allegedly filed on December 18, 1963; the reference is:

"* * * it further appearing that no order of the Court has been entered acting on defendant's motion to vacate or defendant's motion to set aside, and it further appearing that defendant filed a notice of appeal in this action on January 16, 1964, at which time the de-

**312**

fendant's said motion to vacate and motion to set aside were still pending, * * *."

According to the record, appellant on December 16, 1963, served a motion to set aside and vacate the judgment and gave notice of hearing on December 18, 1963. According to the record this motion was overruled on December 16, 1963. On January 16, 1964, a notice of appeal was filed as follows:

"Notice is hereby given that Gene E. Judd, appellant above named hereby appeals to the Court of Appeals from a judgment entered in this action on the 12th day of December, 1963, and from order overruling motion to set aside and vacate judgment on the 18th day of December, 1963."

The references to December 18, 1963, are obviously to the December 16, 1963 order. Whether the latter order actually was entered on the 16th or 18th obviously it was directed to the December 16 motion, and the phraseology of his notice of appeal indicates that it was so understood by the appellant.

■■ The time for an appeal in this case had expired at the time of filing of the second motion on March 25, 1964. CR 73.02. In addition, the filing of the second motion would not have operated to terminate the running of the time for an appeal when such motion was filed more than ten days after the judgment. Taylor v. Warman, Ky., 331 S.W.2d 899; Rodgers v. Berry, Ky., 346 S.W.2d 43. The appeal was not filed in time and should be dismissed.

This view eliminates the need for further consideration of the petition filed by appellant in this Court in which it is asked that the Honorable W. Major Gardner, Judge, Carter Circuit Court, be prohibited from carrying out the judgment entered in the divorce action. Both matters have been considered together on the Court's motion.

The appeal is dismissed and prohibition is denied.