**CLOVERLEAF DAIRY, Appellant,**

v.

**Lawrence MICHELS and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Aug. 13, 1982.

Mark G. Arnzen, Robinson, Arnzen, Parry & Wentz, Covington, for appellant.

William I. Bubenzer, Covington, for appellee.

Before HOGGE, LESTER and McDONALD, JJ.

McDONALD, Judge:

Appellee Lawrence Michels filed a claim with the Workers' Compensation Board on May 15, 1975, alleging an injury to his groin area and an injury to his back. Appellant Cloverleaf Dairy paid all of appellee's medical expenses in the sum of $5,446.80, and temporary total disability benefits from February 8, 1978, through August of 1978, in the sum of $3,248.80.

A hearing before the Board was held on August 16, 1979, following several motions for extension of time by appellee. Although no medical proof had ever been taken by appellee, the Board awarded the appellee temporary total disability benefits from February 8, 1978, through August 16, 1979, and found that Cloverleaf Dairy was responsible for past and future medical payments.

The appellant herein appealed the Workers' Compensation Board award to the Campbell Circuit Court. On May 26, 1981, the circuit court entered a judgment remanding the award to the Workers' Compensation Board with directions to reduce the period of temporary total benefits to terminate in August, 1978, instead of August, 1979.

Proceeding under Rule 59.05, appellee made a motion for the circuit court to reconsider its judgment. The motion was made within the ten days provided in the rule. Motion was heard on June 16, 1981, and at that time the circuit court entered an order overruling the motion for reconsideration.

Appellee then filed another motion under Rule 59.05, asking the court to reconsider the order of June 16, 1981, which had reversed the award of the Workers' Compensation Board. Over objections by appellant, the circuit court heard the motion, reversed its order of June 16, 1981, and affirmed the award of the Workers' Compensation Board by order dated September 4, 1981.

Appellant now argues that the Campbell Circuit Court lacked the authority to entertain appellee's second motion for reconsideration of its order of May 26, 1981. We

**896**

agree. Civil Rule 59.05 provides: "A motion to alter or amend a *judgment,* or to vacate a *judgment* and enter a new one, shall be served not later than 10 days after entry of the final judgment." (Emphasis added.) The Rule makes no provision for alteration of an order ruling on a previous judgment. Appellee's proper remedy after the circuit court refused to reconsider its order remanding to the Workers' Compensation Board was an appeal to this Court.

In the case of *Rodgers v. Berry,* Ky., 346 S.W.2d 43 (1961), the former Court of Appeals stated:

> We deem it appropriate to say that it is doubtful whether there is any authority for the trial court to entertain a motion to reconsider an order ruling upon a motion for a new trial, even if such second motion is filed within 10 days after judgment . . . . We find no basis in the Civil Rules for permitting such a motion. In extraordinary situations relief can be sought through CR 60.02.

*Id.* at 44.

We likewise find no authority in the Civil Rules for a party to make more than one motion for reconsideration of a judgment.

■ The running of the time for appeal was terminated by the filing of the timely motion under Rule 59.05. However, the time for appeal commenced to run on June 16, 1981, when the circuit court refused to reconsider its order of May 26, 1981. *See Taylor v. Warman,* Ky., 331 S.W.2d 899 (1960); *Judd v. Judd,* Ky., 387 S.W.2d 311 (1965); *Rodgers v. Berry, supra.*

Appellee's reliance upon Civil Rule 73.02 as explained in 7 W. Clay, *Kentucky Practice,* CR 73.02, Comment 6 (3rd ed. 1974), is misplaced. The "motions" referred to in the comment refer not to successive identical motions but to the four separate motions listed in Rule 73.02(1)(c). It is clear that the time for appeal began to run immediately upon the circuit court's denying the motion under Rule 59.05 to vacate the judgment. The time for appeal from the judgment has now expired.

The circuit court is directed to set aside its order dated September 4, 1981, and to reinstate its previous order of June 16, 1981.

All concur.