William MINGEY and Bill's Rent-A-Car d/b/a Thrifty Rent-A-Car, Appellants,

v.

CLINE LEASING SERVICE, INC., Appellee.

Court of Appeals of Kentucky.

April 11, 1986.

David M. Andrews, Lexington, for appellants.

Kurt A. Philipps, Spalding, Philipps & Elfers, Covington, for appellee.

Before CLAYTON, DUNN and McDONALD, JJ.

McDONALD, Judge:

The appellants, William Mingey and Bill's Rent-a-Car, doing business as Thrifty Rent-a-Car (hereinafter Mingey), have appealed the reinstatement of a default judgment against them in favor of the appellee, Cline Leasing Service, Inc. In its order of April 18, 1985, the trial court reasoned it was without jurisdiction to consider the appellants' motion filed pursuant to CR 59.05 to set aside a default and ordered the default reinstated. The issue before us, whether in fact the trial court was without jurisdiction to entertain the motion, is a procedural one and thus we will detail the procedural steps taken by the parties leading up to this appeal.

Cline Leasing Service, Inc. filed its complaint against Mingey on November 27, 1984. The summons was served by mail on November 29, 1984. On December 20, 1984, no answer having been filed, Cline filed a motion for a default judgment. On December 22, 1984, Mingey mailed his answer and counterclaim, unaccompanied, however, by a motion pursuant to CR 6.02 for an enlargement of time, to the clerk to be filed. On January 11, the trial court entered the default judgment.

On January 18, 1985, Mingey moved the court to set aside the default judgment. Attached to his motion was the affidavit of his counsel who stated he talked with counsel for Cline on the day the answer was due and informed him he would need a "few additional days" to respond to the complaint. Counsel for Cline responded to the motion and filed his own affidavit stating that counsel for Mingey did not ask for an extension of time to answer nor even indicated that an answer would be forthcoming. The motion to set aside the default was overruled on February 15, 1985.

On February 25, 1985, Mingey moved the court pursuant to CR 59.05 to reconsider its ruling and set aside the February 15 order. Cline responded and argued the motion was "untimely and improper," citing *Cloverleaf Dairy v. Michels*, Ky.App., 636 S.W.2d 894 (1982). On March 19, 1985, the trial court sustained Mingey's CR 59.05 motion and set aside the order entered on February 15. The court also set aside the default judgment, having reasoned as follows:

Although the defendants are technically in default for not filing an answer within the prescribed time, an answer and counterclaim was filed prior to the date of the hearing on the motion for Default Judgment. The defendants have set forth a defense, however meritorious to be decided later.... In this case on review, this Court is of the opinion that the defendant should be granted the flexibility as set forth in the case law and provided an opportunity to defend this case.

On March 27, 1985, Cline filed a motion to reinstate the default judgment. As grounds it argued, as in its response to Mingey's CR 59.05 motion, that such a motion is inappropriate from a denial of a CR 60.02 motion and that one is entitled to only one "bite at the apple." Thereafter, on April 18, the trial court reinstated the default, having determined it was previously

without jurisdiction when it set aside its February 15 ruling. Relying on *Cloverleaf Dairy, supra,* the trial court held that Mingey's only remedy following its denial to set aside the default was to take an appeal. We disagree with the trial court's application of *Cloverleaf Dairy* and therefore reverse.

CR 59.05 provides as follows: "A motion to alter or amend a judgment or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the *final judgment.*" (Emphasis added.) The court's ruling on the appellants' original CR 55.02/60.02 motion was a final judgment from which the appellant could have taken an appeal. Having filed and served the CR 59.05 motion within 10 days of the court's "final judgment" which denied the motion to set aside the default, the trial court retained its jurisdiction to entertain the motion.

*Cloverleaf Dairy v. Michels, supra,* is clearly distinguishable from the instant case as the appellee therein had filed a motion under Rule 59.05 asking the court to reconsider its ruling on a previous CR 59.05 motion. Unlike a ruling denying a motion for relief under CR 60.02, a ruling on a CR 59.05 motion is not a final or an appealable order. *Id.* There is no authority in the rules to ask for reconsideration of a mere order which rules on a motion to reconsider a judgment.

Mingey could have appealed from the default judgment. However, the issue in such an appeal would have been limited to determining whether the pleadings were sufficient to uphold the judgment, or whether the appellant was actually in de-

fault. *Rouse v. Craig Realty Co.,* 203 Ky. 697, 262 S.W. 1083 (1924). In the instant case there is no question that Mingey's answer was clearly out of time and the pleadings were adequate to uphold the judgment. His motion pursuant to CR 55.02/60.02 was thus the appropriate route to take to overcome the default judgment. This motion to set aside the default judgment did not affect that judgment's finality. *See* W. Bertelsman & K. Philipps, *Kentucky Practice,* CR 60.02, (4th ed. 1984). Like all other judgments not appealed from, the default was final 10 days after its entry although subject to attack on those grounds set forth in CR 60.02. In this case the trial court reasoned, on a motion to reconsider, that under the circumstances of this case it should have granted Mingey the CR 60.02 relief he had requested. We agree.

The judgment of the Campbell Circuit Court is vacated and the matter is remanded with directions to reinstate the trial court's order of March 19, 1985.

Further, pursuant to 2(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.32 and other appropriate rules of civil procedure for further appellate steps is reinstated effective the date of this opinion.

All concur.