**Lillian PATRICK, Appellant,**

v.

**Paul HINER, Appellee.**

**No. 93–CA–2300–MR.**

Court of Appeals of Kentucky.

Dec. 10, 1993.

Teddy L. Flynt, Salyersville, for appellant.

William D. Kirkland, Frankfort, Gordon B. Long, Salyersville, for appellee.

Before LESTER, C.J., and HOWERTON and HUDDLESTON, JJ.

HOWERTON, Judge.

The Court has considered appellee's motion to dismiss appeal and appellant's response thereto, and being sufficiently advised, ORDERS the motion be DENIED. Because the denial of the motion disposes of the merits of this appeal, we find it necessary to include an explanation of the legal reasoning underlying our decision.

Trial Order and Judgment was entered on April 18, 1991. Plaintiff/appellant filed a timely motion for new trial pursuant to CR 59. A motion pursuant to CR 59 converts a final judgment to an interlocutory judgment. *State Personnel Board v. Heck*, Ky.App., 725 S.W.2d 13 (1986). The trial court granted a new trial on October 30, 1991. Such order did not restore finality to the judgment entered April 18, 1991. CR 73.02(1)(e).

Defendant/appellee filed a motion to reconsider the order granting a new trial. The circuit court granted that motion, set aside the new trial and dismissed the action. That order was immediately final and appealable. However, plaintiff/appellant filed a timely motion to reconsider the order and, pursuant to CR 73.02(1)(e), that motion terminated the running of time for appeal. The circuit court denied the motion by order entered September 9, 1993. That order readjudicated all aforementioned interlocutory orders and judgments. Appellant filed a timely notice of appeal within thirty (30) days of its entry.

■■■■ In his motion to dismiss, appellee argued that this appeal is untimely as it should have been filed within thirty (30) days from entry of the order setting aside the new trial. We disagree. Since the order setting aside the new trial was a final and appealable order, a timely post-judgment motion terminated the running of time for appeal and any appeal taken during the pendency of that motion would have been premature. Appellee also argues that this appeal was not properly filed as Kentucky law does not recognize an appeal from an order refusing to reconsider an order denying a new trial. While it is a correct statement of Kentucky law, it has no application to the case at bar. The order appealed from did not overrule a motion to reconsider a denial of a new trial, rather, it denied a motion to reconsider the setting aside of a new trial previously granted. Thus, the motion to reconsider filed by plaintiff/appellant on May 19, 1993, was not a second motion to reconsider which *Cloverleaf Dairy v. Michels*, Ky.App., 636 S.W.2d 894 (1982), a case cited by appellee, held the circuit court would have lacked the authority to entertain. The motion to reconsider was one of those properly filed post-judgment motions enumerated in CR 73.02(1)(e).

■■■■ Finally, the sole issue raised in appellant's prehearing statement is whether the trial court erred in setting aside an order granting a new trial based upon her argument that the motion to set aside such order was outside the expired time frame set forth

in CR 59.[1] We already addressed the issue when we stated that the order entered on October 30, 1991, which granted a new trial did not restore finality to the judgment of April 18, 1991. Since there was no final judgment in existence when defendant/appellee filed his motion to reconsider the order granting a new trial, the time frame set forth by CR 59 did not operate to terminate the jurisdiction of the circuit court. Thus, the circuit court had authority to entertain the motion and did not err in setting aside the order granting a new trial.

Based on the foregoing, we AFFIRM the order entered by Magoffin Circuit Court on May 12, 1993, which set aside the order granting a new trial, and dismissed the action.

All concur.

---

1. Pursuant to CR 76.03(6), barring timely motion showing good cause, a party shall be limited on appeal to issues in the prehearing statement.