**Harvey B. MOLLETT, Appellant,**

v.

**TRUSTMARK INSURANCE COMPANY; Benefit Trust Life Insurance Company; and James B. Coburn, Appellees.**

No. 2002–CA–002518–MR.

Court of Appeals of Kentucky.

July 25, 2003.

As Modified Aug. 29, 2003.

Discretionary Review Denied by
Supreme Court June 9, 2004.

Michael S. Endicott, Paintsville, KY, for appellant.

John M. Williams, Lexington, KY, for appellee.

Before BAKER, COMBS, and SCHRODER, Judges.

COMBS, Judge.

Harvey Mollett appeals from a summary judgment entered by the Martin Circuit Court dismissing his fraud claim against his disability insurer, Trustmark Insurance Company, (f/k/a, Benefit Trust Life Insurance Company), and its agent, James B. Coburn.[1] After reviewing the procedural history of this case, we conclude that Mollett failed to file his notice of appeal in timely fashion. Consequently, the appeal must be dismissed.

In his complaint, filed on January 13, 1998, Mollett alleged that Trustmark and Coburn committed fraud by substituting for a policy previously issued to him a different policy providing fewer benefits. In his deposition, Mollett stated that in 1989, he applied for insurance that would produce income benefits of $1,000 per month in the event that he became disabled. The benefits were to be paid until he reached the age of 65. The monthly premium for this policy was $82.35.

Within days of receiving the policy in the mail, Mollett testified that Coburn told

---

1. Mr. Coburn died on May 25, 2000—prior to the motion for summary judgment and the entry of a final judgment in this case. After Coburn's death, his attorney was granted leave to withdraw as Coburn's counsel of record. Coburn's personal representative was not substituted as a party to the underlying action.

him that he could increase the monthly income benefit to $1,500 by increasing the premium to $105 monthly. Mollett filled out an application to obtain the enhanced disability benefit. Trustmark, however, declined to write a policy providing for the increased benefits. After he was informed by Coburn that he could not obtain the higher income benefits, Mollett continued to pay the $82.35 premium for the original policy.

In 1992, Mollett became disabled and began drawing monthly benefits of $1,000 from Trustmark. In 1997, he was informed by Trustmark that the benefits would end in two months pursuant to the terms of the policy. Mollett filed a lawsuit in 1997—nine years after the policy had been written. He alleged that without his knowledge, Coburn switched his original policy (providing for benefits up to age 65) to a different policy providing benefits for a maximum of five years. Trustmark filed a motion for summary judgment based on the five-year statute of limitations for fraud. KRS[2] 413.120. Mollett argued in response that he did not read his policy nor did he discover the discrepancy until the policy was about to expire in 1997. He contended that he was entitled to the benefit of the five-year extension to the statute of limitations based on the discovery rule provided at KRS 413.120(3).

In its judgment entered December 20, 2001, the trial court granted Trustmark's motion for summary judgment and dismissed Mollett's complaint as falling beyond the limitations period. The court considered Mollett's argument that he was entitled to the benefit of the discovery rule and concluded as follows:

> [E]ven though [Mollett] did not allegedly discover the fraud until approximately one year before the filing of the complaint, [Mollett] is and was under a duty to plead and prove that the fraud was not discovered within the five year period from the signing of the insurance contract and that the exercise of reasonable diligence would not have revealed the fraud..
>
> The Court has thoroughly examined [Mollett's] complaint and cannot, under any interpretation, glean the above requirements as having been met.... Wherefore, the Court having found that the requirements of pleading a recently discovered fraud has [sic] not been met and as such, [Trustmark's] motion for summary judgment is granted on this basis alone. The Court does not address the particulars of [Trustmark's] motion as it relates to whether or not [Mollett] could or should have discovered the alleged fraud within the limitations period as the Court finds the first ground to be dispositive of the issue.

On December 28, 2001, Mollett filed a motion to alter, amend, or vacate the judgment coupled with a motion to amend his complaint. Both motions were denied on September 23, 2002. On October 1, 2002, Mollett filed another motion seeking to set aside the post-judgment order or, in the alternative, to "make a final appealable order." The motion did not specify any grounds for either avenue of relief. On November 13, 2002, the trial court denied the motion to set aside its previous order and granted the motion to make the September 23, 2002, order "final and appealable." On December 6, 2002, Mollett filed his notice of appeal to this Court, identifying both the judgment of December 20, 2001, and the order of November 13, 2002, as the judgments being appealed.

Trustmark argues that this Court must dismiss this appeal because the notice of

2. Kentucky Revised Statutes.

appeal was not filed within thirty (30) days of the order of September 23, 2002, which disposed of the original post-judgment motion. We agree. The Rules of Civil Procedure do not permit successive post-judgment motions. *Cloverleaf Dairy v. Michels*, Ky.App., 636 S.W.2d 894, 895–896 (1982).

■ In the case before us, a final judgment was entered on December 20, 2001. *Final judgment* is defined in CR 54.01 as "a final order adjudicating all the rights of all the parties in an action or proceeding." Although it did not contain language of finality, the dismissal of Mollett's complaint was, by definition and by operation of law, a final judgment. Therefore, the time for filing an appeal began to run on December 20, 2001, the date of the clerk's notation of service of the judgment on the parties. CR 73.02(1)(a). Mollett's timely motion to alter, amend, or vacate the judgment tolled the time for filing a notice of appeal. CR 73.02(1)(e). However, the running of time for the appeal recommenced upon the clerk's notation of service of the trial court's order disposing of that motion. *Id.* The notation of service of the order was made on the same day as that of the entry of the order—September 23, 2002.

■ Mollett's second post-judgment motion did not stay the time for filing a notice of appeal. Thus, a notice of appeal had to have been filed within 30 days of September 23, 2002. Mollett's notice of appeal, filed on December 6, 2002, was not filed within the time required by CR 73.02, and we are compelled to dismiss the appeal. *Johnson v. Smith*, Ky., 885 S.W.2d 944 (1994); *Stewart v. Kentucky Lottery Corporation*, Ky.App., 986 S.W.2d 918 (1998); and, *Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc.*, Ky., 37 S.W.3d 713 (2000).

Accordingly, the appeal is hereby ORDERED dismissed.

All CONCUR.