RENDERED: JANUARY 14, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0454-MR

CHRISTOPHER ERIC WARD                 APPELLANT

                APPEAL FROM KNOX CIRCUIT COURT
v.          HONORABLE STEPHEN M. JONES, JUDGE
                ACTION NO. 16-CI-00067

ASHLEY NICOLE WARD                 APPELLEE

AND

NO. 2020-CA-0455-MR

CHRISTOPHER ERIC WARD                 APPELLANT

                APPEAL FROM KNOX CIRCUIT COURT
v.          HONORABLE STEPHEN M. JONES, JUDGE
                ACTION NO. 17-CI-00411

KRISTEN SIZEMORE[1]                 APPELLEE

---

[1] Appellee's name appears to be misspelled in the notice of appeal. We utilize the spelling in the parties' briefs and the record below.

<u>OPINION AND ORDER</u>
<u>DISMISSING</u>

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Christopher Eric Ward (Eric) shares three minor children with his ex-wife, Ashley Ward (Ashley).  Eric also shares a minor child with Kristen Sizemore (Kristen), to whom he was never married.  Eric appeals from orders of the Knox Family Court requiring him to pay child support to Ashley and Kristen.  We dismiss the appeals as being taken from non-final orders.

Since these appeals are being dismissed, we need not recite in granular detail the lengthy underlying history of each case.  Eric filed a custody petition regarding the child he and Kristen share.  For convenience's sake, we shall refer to that case as "Kristen's case."  Ashley filed a petition for dissolution of her marriage to Eric.  For convenience's sake, we shall refer to that as "Ashley's case."

In January 2018, the court awarded temporary joint custody of their child to Kristen and Eric, with Eric to enjoy timesharing three weekends per month.  No child support order was issued.  After numerous continuances, the court held what was denominated as a final hearing in Kristen's case in December 2018.  In February 2019, the family court awarded Eric and Kristen joint custody of their child, with each having equal parenting time.  As to child support, the court

held that "[b]ased upon the equal and shared parenting schedule, neither party shall pay child support unto the other." Record (R.) at 79 in Kristen's case.

In Ashley's case, in April 2016, the court awarded temporary joint custody of their three children to Ashley and Eric, with Eric having parenting time according to the court's standard schedule. In May 2016, the court ordered Eric to pay $653.66 monthly to Ashley in temporary child support. In June 2017, the court issued a final decree in which it dissolved the marriage and adopted Eric and Ashley's settlement agreement, pursuant to which they shared joint custody of their children with Ashley being the primary residential custodian and Eric having parenting time three weekends per month. Eric's child support obligation remained unchanged.

In April 2018, Eric filed a motion seeking to hold Ashley in contempt for allegedly twice not permitting him to enjoy his designated parenting time. Soon thereafter, the Knox County Attorney (through whom Eric was making child support payments) filed a motion to reduce Eric's child support obligations due to a change in financial circumstances. The family court granted the motion for modification of child support in April 2018, reducing Eric's monthly obligation to $459.22.

After numerous continuances, the court conducted a joint hearing in December 2018 on Eric's motion for contempt against Ashley and a final hearing

in Kristen's case.  At the hearing, the court permitted Eric to present two witnesses regarding his contempt motion, after which he rested.  When Ashley's counsel then attempted to call a witness, the court declared a recess, which lasted roughly twenty minutes.  Upon returning to the bench, the judge immediately announced that he deemed the matters to be submitted.[2]  In short, the court permitted Eric to present his entire case without having permitted Ashley to present any testimony.  Moreover, though it was before the court for a final hearing, the court heard no testimony (or argument of counsel) regarding Kristen's case.  No counsel objected to the court's methodology.

In February 2019, the court issued an order memorializing that December 2018 hearing.  That order granted Eric's motion for contempt against Ashley but stated that she could purge herself by complying with the order's terms.  And those terms were identical to those found in the order simultaneously issued in Kristen's case.  Specifically, the court ordered equal timesharing between Ashley and Eric, with Eric owing no child support.  It is unclear why the court modified timesharing or Eric's child support obligations since it had not been asked to modify either.

---

[2] Specifically, upon returning to the bench the court stated it had "heard this case all summer long.  I've got a good idea what's going on, good idea of how I wanna resolve it, so I'm gonna let, gonna take it under submission, both attorneys tender proposed orders within fourteen days." Video Record, 12/19/18 at 11:03:17 *et seq.*

Kristen and Ashley, who shared counsel, then filed timely motions to alter, amend, or vacate pursuant to Kentucky Rule of Civil Procedure (CR) 59.05. Eric also filed a motion to hold Kristen and Ashley in contempt for allegedly not allowing him to enjoy his court-mandated timesharing.

The court held a brief hearing regarding both cases in October 2019, which it deemed to be a status conference. Subsequently, the court issued orders in December 2019 which do not reference the motions to alter, amend, or vacate or Eric's motion for contempt. Instead, without discussion, the orders continued the equal timesharing but modified child support by requiring Eric to pay $386.98 to Ashley and $198.84 to Kristen per month. Again, though Ashley and Kristen had filed motions to alter, amend, or vacate the court's order in which Eric's child support obligation was eliminated, no party had filed a formal motion for child support modification.

Eric filed a motion to alter, amend, or vacate in both cases, as well as a motion seeking to hold Kristen in contempt for allegedly refusing to share insurance or medical information. The family court held a brief hearing on Eric's motion to alter, amend, or vacate in January 2020. In February 2020, the court denied Eric's motion to vacate.

Eric then filed what he styled motions to reconsider in both cases.[3]

The court held a brief hearing on Eric's motions to reconsider in March 2020, but

Eric filed a notice of appeal in both cases before the court ruled on that motion. At

the time Eric appealed, his motions for contempt and Ashley and Kristen's motions

to vacate were still pending. We consolidated the appeals and will resolve each in

this Opinion and Order.[4]

Eric argues the child support portion of the family court's December

2019 order must be vacated because the court made no findings of fact to support

its calculations which, he asserts, are based on incorrect financial data. However,

we cannot definitively opine on whether the orders are improper or erroneous

---

[3] "There is no authority in the rules to ask for reconsideration of a mere order which rules on a motion to reconsider a judgment." *Mingey v. Cline Leasing Service, Inc.*, 707 S.W.2d 794, 796 (Ky. App. 1986). *See also Cloverleaf Dairy v. Michels*, 636 S.W.2d 894, 895-96 (Ky. App. 1982). Thus, Eric's motions to reconsider the denial of his CR 59.05 motions were unauthorized.

[4] Eric's notices of appeal state that he appeals from the December 2019 order which established his current child support obligations and the February 2020 order which denied his motions to alter, amend, or vacate that December 2019 order. However, because it is interlocutory, "we do not have jurisdiction over the trial court's denial of a CR 59.05 motion." *Ford v. Ford*, 578 S.W.3d 356, 365 (Ky. App. 2019). And, as we will discuss, we also lack jurisdiction over the December 2019 order.

Also, Eric's brief fails to comply fully with the briefing requirements of CR 76.12. For example, his introduction is over three pages long even though CR 76.12(4)(c)(i) requires a concise introduction "not exceeding two simple sentences . . . ." Eric also does not provide the preservation statement required by CR 76.12(4)(c)(v). We elect to impose no sanctions since the appeals are being dismissed. We remind all counsel of the briefing aids available on our website, such as a basic appellate practice handbook. KENTUCKY COURT OF APPEALS, BASIC APPELLATE PRACTICE https://kycourts.gov/Courts/Court-of-Appeals/Documents/P56BasicAppellatePracticeHandbook.pdf (last visited Dec. 8, 2021).

because we agree with Ashley and Kristen that these appeals must be dismissed as having been taken from non-final orders.

We must dismiss for lack of jurisdiction appeals taken from non-final orders. *Energy and Environment Cabinet v. Concerned Citizens of Estill County, Inc.*, 576 S.W.3d 173, 176 (Ky. App. 2019). Under CR 54.01, "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02."

Thus, CR 54.01 presents two basic ways in which an order is final and appealable. First, an order is final and appealable if it resolves all the rights of all the parties, regardless of whether it contains the finality language of CR 54.02. *See, e.g.*, *Security Federal Sav. & Loan Ass'n of Mayfield v. Nesler*, 697 S.W.2d 136, 138 (Ky. 1985). That method does not apply here as the December 2019 orders at issue did not resolve all the then-pending motions.

Second, an order which resolves only certain portions of a case may be deemed final and appealable as to those discrete portions if the trial court adds the finality language set forth in CR 54.02(1):[5]

> When more than one claim for relief is presented in an
> action . . . the court may grant a final judgment upon one
> or more but less than all of the claims or parties only

---

[5] Of course, inclusion of the CR 54.02(1) finality language does not make an otherwise inherently interlocutory order into a final and appealable one. *See, e.g.*, *Diaz v. Barker*, 254 S.W.3d 835, 837 (Ky. App. 2008).

upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In other words, an order which conclusively resolves some, but not all, issues becomes final and appealable as to those fully resolved issues *only* if it contains language stating that the decision therein is final and there is no just cause for delay. "Strict compliance with the rule is required" and so an order which does not include "both recitations" is "interlocutory and nonappealable." *Vorherr v. Coldiron*, 525 S.W.3d 532, 540 (Ky. App. 2017). The December 2019 orders from which Eric appealed do not include CR 54.02(1)'s finality language.

In sum, the order(s) at issue here do not resolve all the issues among all the parties or contain the finality language of CR 54.02(1). That conclusion is inescapable since there were unaddressed motions remaining for adjudication. Consequently, Eric has not appealed from final and appealable orders. Other than some very narrow exceptions not present here, we lack jurisdiction over appeals taken from non-final decisions. *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky.

-8-

2005). Therefore, even though issues involving child support are of paramount, time-sensitive importance, we must dismiss these appeals.

For the foregoing reasons, we **ORDER** Case No. 2020-CA-0454-MR and Case No. 2020-CA-0455-MR to each be **DISMISSED** and remanded for appropriate further proceedings.

ALL CONCUR.

ENTERED: JANUARY 14, 2022 _____

JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:

Brandon West
Barbourville, Kentucky

BRIEF FOR APPELLEES:

Kelly Kirby Ridings
London, Kentucky