RENDERED: FEBRUARY 13, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1336-MR

ROBIN FLETCHER, INDIVIDUALLY
AND AS EXECUTRIX OF THE
ESTATE OF ROBERT W. FLETCHER                                    APPELLANT

|  |  |  |
|---|---|---|
| v. | APPEAL FROM JEFFERSON CIRCUIT COURT HONORABLE MITCH PERRY, JUDGE ACTION NO. 22-CI-001683 | |

INTELLECTUAL PROPERTY
CONTROL CORPORATION                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, A. JONES, AND KAREM, JUDGES.

ACREE, JUDGE: Intellectual Property Control Corporation (IPCC) initiated this action in Jefferson Circuit Court seeking a declaratory judgment and injunctive relief to resolve a dispute with Robin Fletcher, Individually and subsequently as Executrix of the Estate of Robert W. Fletcher (Fletcher), regarding IPCC's right to

repurchase her decedent's IPCC stock as established in a Stock Restriction Agreement. In January 2023, the circuit court entered judgment that IPCC could enforce that right. Fletcher did not timely appeal. Fletcher largely argues against that final and now non-appealable judgment, but the only reviewable arguments are those relating to issues of IPCC's post-judgment efforts in aid of execution which the circuit court also decided in favor of IPCC. On those issues, we affirm.

Understanding this appeal requires understanding its procedure. After Robert Fletcher died, IPCC petitioned to have the court declare its right to repurchase his shares. The circuit court ruled in IPCC's favor. Fletcher moved pursuant to CR[1] 59 to alter, amend, or vacate the judgment and the circuit court denied the motion. No appeal was taken within thirty days of that denial.

Fletcher's CR 59 motion also asked the court to add finality language to the judgment pursuant to CR 54.02. However, that was unnecessary because the judgment resolved all the issues between the parties relative to the rights pursued in IPCC's petition. To quote the circuit court's judgment, it resolved "a dispute about the value of shares in a closely held entity, who determines that value, and who runs the company, when the majority shareholder dies." (Record (R.) 480). It specifically found IPCC timely exercised its right to repurchase the subject shares and concluded the shares' actual value was $478,477.33. (R. 402–27).

---

[1] Kentucky Rules of Civil Procedure.

Fletcher subsequently filed repetitive post-judgment motions, but none suspended the running of time to appeal the judgment. A "second post-judgment motion d[oes] not stay the time for filing a notice of appeal." *Mollett v. Trustmark Ins. Co.*, 134 S.W.3d 621, 624 (Ky. App. 2003). When Fletcher filed a notice of appeal following denial of one of those repetitive motions, this Court dismissed it. *Robin Fletcher and Robin Fletcher, as Executrix of the Estate of Robert W. Fletcher v. Intellectual Property Control Corporation*, No. 2023-CA-0848-MR (Ky. App. Feb. 2, 2024).

At that point, the judgment had long been final and non-appealable, and every issue identified above, and more, had been laid to rest. IPCC then pursued executing on its judgment. On September 8, 2023, in accordance with the corporation's governing share restrictions the circuit court recognized as the procedure to be followed, IPCC sent Fletcher notification of its intention to "close on the shares" on September 18, 2023. (R. 983). It was IPCC's fourth attempt to arrange the closing. For the fourth time, Fletcher failed to appear.

IPCC then filed a "Motion to Enforce Judgment." Fletcher responded with a counter motion effectively attempting, once again, to relitigate issues already resolved, and finally so, by the January 3, 2023 judgment. The circuit court entered an Order granting IPCC's motion and denying Fletcher's. The Order states, in pertinent part: "[IPCC] has the right to exercise its option under the Stock

Restriction Agreement, and clearly wishes to do so. [Fletcher] is obligated to comply with that and not engage in pedantic and dilatory actions to prevent it." (R. 1127). This is the Order Fletcher appeals.

We find no error here. When post-judgment enforcement is needed, CR 70 provides the court with a formidable tool to accomplish it. Though the court did not cite that rule, it was surely applying it. Its further use may be unnecessary if, as IPCC alludes, the shares have now been transferred.

The Jefferson Circuit Court's November 6, 2023, Opinion and Order granting IPCC's motion to enforce the judgment is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert R. Waters
David C. Blandford
Cheryl R. Winn
Louisville, Kentucky

BRIEF FOR APPELLEE:

Matt P. Dearmond
Dennis D. Murrell
Jennifer M. Barbour
Louisville, Kentucky