**Michael KARAHALIOS, Appellant,**

v.

**Sheila KARAHALIOS, Appellee.**

**No. 91–CA–2106–MR.**

Court of Appeals of Kentucky.

March 5, 1993.

William P. Sturm, Sturm & Sturm, Frankfort, for appellant.

John Paul Jones II, Frazier and Jones, PSC, Monticello, for appellee.

Before LESTER, C.J., and GARDNER and WILHOIT, JJ.

WILHOIT, Judge.

On October 19, 1984, the appellant Michael Karahalios and the appellee Sheila Karahalios were married in Tennessee. Their only child, Kristina Elaine Karahalios, was born on January 16, 1988. The parties lived in Tennessee until the time of their separation in September 1990. The

exact date of their separation is disputed. The appellant asserts that the separation occurred, at the earliest, on September 16, 1990, while the appellee asserts, and the Wayne Circuit Court found, that the separation occurred on September 1, 1990. It is undisputed that the appellee has lived in Kentucky since the date of separation. The appellant has continued to reside in Tennessee.

On February 26, 1991, the appellant filed a complaint in the Chancery Court for Rutherford County, Tennessee, seeking a divorce and custody of Kristina. On March 13, 1991, the appellee filed a petition for dissolution of marriage in the Wayne Circuit Court.[1] The next day, March 14, 1991, the appellee was served with a summons and a copy of the complaint in the Tennessee divorce action. The appellee attempted to serve the appellant in her Kentucky divorce action by certified mail sent by the Kentucky Secretary of State. The Secretary of State was unable to serve the appellant at the address provided by the appellee. As a result, the Wayne Circuit Court appointed a warning order attorney on April 17, 1991. On April 23, 1991, the appellee filed a motion to dismiss· in the Tennessee court. She made no mention of the Kentucky action.

On June 10, 1991, the warning order attorney appointed by the Wayne Circuit Court filed a report with that court stating that he had not been able to serve the appellant at the address provided by the appellee. On June 20, 1991, the appellee filed a deposition in support of her motion to submit her action to the Wayne Circuit Court for default judgment. In the deposition, the appellee acknowledged that the appellant had filed a divorce action in Tennessee. This was the first time that the appellee mentioned the Tennessee action in the Kentucky proceeding.

On June 26, 1991, the Wayne Circuit Court entered an order dissolving the parties' marriage and granting custody of

1. Also included in the appellee's petition was a request for a division of marital property and apportionment of marital indebtedness. The appellee later abandoned this claim, and it is not an issue in this appeal.

Kristina to the appellee. On that very same day, the Tennessee court denied the appellee's motion to dismiss the appellant's complaint. On July 8, 1991, the appellant, pursuant to CR 60.02, moved the Wayne Circuit Court to set aside its order. On August 9, 1991, the Wayne Circuit Court denied the appellant's motion, and it is that denial which is the subject of this appeal.

The appellant asserts that he is entitled to post-judgment relief under CR 60.02 because the appellee's conduct throughout the Wayne Circuit Court proceedings was rife with fraud. The appellee used the warning order procedure set forth in CR 4.05 through CR 4.07 to constructively serve the appellant. Civil Rule 4.06 requires that the plaintiff provide an affidavit stating, among other things, the last known address of the defendant. The appellee stated in her affidavit that the last known address of the appellant was 1061 West Broad Street in Smithville, Tennessee. The appellant acknowledges that he and the appellee had lived at the Smithville address during their marriage. He claims, however, that he and the appellee had resided at 119 Hanes Haven Drive in Murfreesboro, Tennessee, at the time of their separation, that he had continued to reside at that address, and that she knew it. He claims that the appellee committed fraud affecting the proceedings by stating in her affidavit that the Smithville address was the appellant's last known address.

■ The Wayne Circuit Court, after a hearing on the appellant's CR 60.02 motion, determined that the Smithville address was the last known address of the appellant. We may not set aside a trial court's finding of fact unless we determine the finding to be clearly erroneous. CR 52.01. It is undisputed that the parties had lived at the Smithville address at some point during their marriage. Water and electric service at the Smithville residence continued in the appellant's name until June of 1992. Furthermore, a copy of the Wayne Circuit Court's decree of divorce and custody entered on June 26, 1991, was served upon the appellant at the Smithville address. This constitutes substantial evidence to support the circuit court's finding that the Smithville address was the last known address of the appellant. This finding is not clearly erroneous and cannot be set aside.

■ The appellant next claims that the appellee committed fraud by not giving the warning order attorney the addresses of his Tennessee lawyer, the restaurant operated by him, or his brother. However, CR 4.06 requires only that the plaintiff state the last known address of the defendant. As the Supreme Court stated in *Unknown Person on Behalf of Englert v. Whittington*, Ky., 737 S.W.2d 676, 678 (1987), "[w]e have not found a case in this Commonwealth setting out additional requirements for the affidavit for warning order in addition to the last known address." We will not now broaden the requirements of CR 4.06 in a manner in which our Supreme Court has explicitly refused to do so.

■ The appellant's next assertion is that the appellee fraudulently procured the circuit court's jurisdiction under KRS 403.-140 by misrepresenting the duration of her residency in Kentucky. KRS 403.140(1)(a) requires that at least one party to a dissolution of marriage action must have been residing in Kentucky for 180 days before filing a petition for divorce. Since the appellee filed her petition for dissolution of marriage on March 13, 1991, she would have had to have been residing in Kentucky since September 14, 1990. The appellant argues that the appellee established residence in Kentucky no earlier than September 16, 1990. The appellee asserts, and the circuit court found, that she has resided in Kentucky since September 1, 1990.

■ A divorce judgment may be set aside on appeal as void if the judgment was procured by fraud and perjury as to residence. *McDaniel v. McDaniel*, Ky., 383 S.W.2d 344 (1964). However, if the question of jurisdictional residence is raised in the lower court, the lower court's determination that it has jurisdiction cannot be questioned if there is any evidence to show the necessary residence. *Elswick v. Elswick*, Ky., 322 S.W.2d 129 (1959); *Lampkin v. Lampkin*, Ky., 258 S.W.2d 720 (1953). The appellant raised the issue of

the appellee's residence in his CR 60.02 motion, and the circuit court found that the appellee met the residency requirement of KRS 403.140(1)(a). This finding was supported by probative evidence. In addition to the testimony of the appellee, the circuit court relied on evidence from the appellee's father that on September 1, 1990, he travelled from Kentucky to get the appellee and return her to Kentucky. The circuit court also relied on testimony from the appellee's mother, as well as testimony from a witness who said that the appellee, having just returned from Tennessee, had attended a birthday party given by her on September 1, 1990. This evidence is more than sufficient to support the circuit court's finding that the appellee established residency in Kentucky on September 1, 1990, and therefore met the residency requirements of KRS 403.140(1)(a).

Because the appellee neither committed fraud in procuring constructive service over the appellant through her use of the warning order attorney, nor committed fraud in procuring the jurisdiction of the circuit court, that court's order is affirmed as to the dissolution of the parties' marriage.

The appellant's remaining arguments challenge only the power of the trial court to award custody of Kristina to the appellee. First, the appellant argues that the Wayne Circuit Court was deprived of jurisdiction by the Parental Kidnapping Prevention Act of 1980 (PKPA). 28 U.S.C.A. § 1738A (West Supp.1992). The appellant did not present this argument to the circuit court. However, he argues that it is a challenge to the circuit court's subject matter jurisdiction, and can therefore be raised for the first time on appeal.

KRS 403.420(4) gives the circuit court jurisdiction over child custody proceedings. KRS 403.420(1)(a) says that the circuit court has jurisdiction to make a child custody determination if Kentucky is the child's home state at the time of commencement of the proceeding. Home state is defined as the place where the child has lived with a parent for at least six months preceding the commencement of the action.

Clearly, under the facts as found by the trial court, it had subject matter jurisdiction under Kentucky law. The relevant portion of the PKPA, § 1738A(g), reads as follows:

> (g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.

The appellant argues that since he commenced his action in Tennessee prior to the appellee's commencement of her action in Kentucky, his action was pending when her action was commenced. As a result, he argues, § 1738A(g) works to deprive the Wayne Circuit Court of subject matter jurisdiction over this case.

That subject matter jurisdiction cannot be waived, and that it may be challenged at any time, even initially on appeal, is an elementary principle of law. *Duncan v. O'Nan*, Ky., 451 S.W.2d 626 (1970). However, the concept of subject matter jurisdiction was delineated in *Duncan* in this way:

> "In other words the rule that subject-matter jurisdiction cannot be born of waiver, consent or estoppel has to do with those cases only where the court has not been given any power to do anything at all in such a case, as where a tribunal vested with civil competence attempts to convict a citizen of a crime. In other words, 'subject matter' does not mean 'this case' but 'this kind of case' * * *."

451 S.W.2d at 631 (quoting *In Re Estate of Rougeron*, 17 N.Y.2d 264, 270 N.Y.S.2d 578, 583, 217 N.E.2d 639, 643 (1966)).

Section 1738A(g) does not work to deprive the circuit courts of general jurisdiction over the subject matter of child custody proceedings. All it does is direct the courts to refrain from exercising their jurisdiction under certain circumstances. It may be that, in light of § 1738A(g), the Wayne Circuit Court improperly exercised its jurisdiction. However, this is not to say that that court had no jurisdiction over the

subject matter of child custody proceedings.[2]

■ The appellant next asserts that even if the circuit court had jurisdiction to award custody of Kristina, it improperly awarded custody to the appellee. He argues that the circuit court either failed to, or was prevented from, performing its duties as set forth in KRS 403.450.[3] KRS 403.450(3) states as follows:

> (3) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum. . . .

The appellant first asserts that the circuit court failed to learn of the Tennessee action, and was consequently prevented from performing its statutory duty, as a result of the appellee's failure to perform her duty under KRS 403.480(3). That statute states that "[e]ach party has a continuing duty to inform the court of any custody proceeding concerning the child in this or any other state of which he obtained information during this proceeding." The appellee, in a deposition filed in the circuit court on June 20, 1991, acknowledged that the appellant had commenced a divorce action in Tennessee. The appellant asserts that this was insufficient to meet the appellee's obligation under KRS 403.480(3).

Even if the appellee's deposition did fulfill her obligation under KRS 403.480(3), the appellant argues that the circuit court, having been notified of the Tennessee action, failed to perform its duty under KRS 403.450(3). In either event, the issue becomes the circuit court's failure to communicate with the Tennessee court.

It is clear that, for whatever reason, the circuit court did not communicate with the Tennessee court as required by KRS 403.-450(3). Whether it was the appellee or the court itself that caused this failure is of no import. Either way, the fact remains that the failure of the circuit court to communicate with the Tennessee court has resulted in a predicament that the UCCJA was enacted to prevent, namely, jurisdictional competition and lack of cooperation with a court of another state. *See* KRS 403.-400(1)(a)–(b).

Because the circuit court did not do as required under KRS 403.450(3), we vacate its award of custody to the appellee and remand so that it may communicate with the Tennessee court. It well may be that the Tennessee action already has proceeded to final adjudication and such communication will be useless, although nothing in this record indicates that proceeding is final or that the Tennessee court has communicated with the Kentucky court. We trust that the courts, as well as the parties, will keep in mind that the best interests of Kristina should be put foremost in any future proceedings, and that she is a child, not a pawn in a game of inter-jurisdictional oneupmanship.

The order of the Wayne Circuit Court is affirmed in part, and vacated and remanded in part.

All concur.

---

**2.** A factual situation that would raise an issue of subject matter jurisdiction would be if, for example, a custody proceeding was commenced in district court. KRS 403.420(4) states that child custody proceedings are to be commenced in circuit court. Therefore, district courts have no power over such a case.

**3.** KRS 403.400 through 403.620 is the Uniform Child Custody Jurisdiction Act (UCCJA) as adopted in Kentucky in 1980.