Clifford Eugene JEFFREY, Appellant,

v.

Naomi Gail Birley JEFFREY,
Appellee.

No. 2002–CA–000336–MR.

Court of Appeals of Kentucky.

April 9, 2004.

Discretionary Review Denied by
Supreme Court Feb. 9, 2005.

Otis Doan Jr., Doan Law Office, Harlan,
KY, for appellant.

Gerald L. Greene, Greene & Lewis,
Pineville, KY, for appellee.

Before COMBS, KNOPF, and
McANULTY, Judges.

*OPINION*

McANULTY, Judge.

Clifford Jeffrey appeals from a default
judgment of the Bell Circuit Court, grant-
ed in a divorce action to his former wife,
Naomi Gail Birley Jeffrey. Clifford's pri-
mary claim is that the circuit court lacked
personal and subject matter jurisdiction to
grant the divorce and divide the marital
property. Having concluded that the cir-
cuit court had jurisdiction over this divorce
action pursuant to Kentucky Revised Stat-
utes (KRS) 454.220, we affirm.

Naomi and Clifford Jeffrey were mar-
ried in West Virginia in 1956. They resid-
ed in Kentucky throughout the marriage,

although for the last several years, Clifford worked in West Virginia. He returned to Kentucky on weekends and during vacations. Naomi and Clifford separated on September 26, 2001, after Naomi learned that Clifford had been having a long-term relationship with a woman who lived in West Virginia. After the separation, Clifford moved permanently to West Virginia. On October 10, 2001, Naomi filed a Petition for Dissolution of Marriage and an affidavit for the appointment of a warning order attorney in the Bell Circuit Court. A warning order was issued on the same day.

On November 6, 2001, Clifford petitioned for divorce in the Family Court of Cabell County, West Virginia. Although Clifford claims that he filed his petition in West Virginia prior to the commencement of the Bell County action, the report of the warning order attorney indicates that Clifford received notice of Naomi's divorce petition on October 18, 2001, well before the date he filed his action in West Virginia.

The warning order attorney advised Naomi's counsel that Clifford did not intend to enter an appearance or to contest the action in Kentucky. Naomi thereafter filed an amended petition stating that she and Clifford were both residents of Kentucky before their separation. The petition also stated that "the respondent [Clifford] is within the personal jurisdiction of the Court pursuant to KRS 454.220 and under that statute, the Kentucky Secretary of State is deemed the statutory agent for service of process." Accordingly, on November 23, 2001, Clifford was served with a copy of the summons by the Secretary of State of Kentucky.

Clifford made no response to the summons, nor did he make a personal appearance in the Bell Circuit Court. On January 2, 2002, Naomi and Teresa Justice (Naomi and Clifford's daughter) gave their depositions; they were filed in the circuit court on the same day. Naomi thereafter filed a motion for default judgment. On January 8, 2002, the Bell Circuit Court entered its Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage. The circuit court divided Naomi and Clifford's marital assets, awarding Naomi the marital residence, furniture, an automobile, a lump sum of $25,000 in maintenance, and a share of Clifford's retirement fund. Clifford appealed the order on February 7, 2002.

Meanwhile, the West Virginia action, which had been stayed on September 18, 2001, pending the outcome of the Kentucky case, proceeded with a hearing on April 1, 2002, to determine Clifford's residency. On January 9, 2003, the West Virginia Family Court entered an order holding that the Kentucky court did not have jurisdiction to adjudicate spousal support and marital assets located in West Virginia, and that Clifford could pursue those issues in West Virginia pursuant to the "divisible divorce" doctrine. Naomi appealed this order.

Clifford meanwhile had filed a motion pursuant to Rules of Civil Procedure (CR) 60.02 in Bell Circuit Court, seeking relief from the default judgment. There is no copy of this motion in the record. The motion was denied in an order entered on February 11, 2003. That order indicates that Clifford raised two issues in the CR 60.02 motion: he challenged the jurisdiction of the Bell Circuit Court and argued that inadequate notice was given of Naomi and Teresa's depositions. Clifford then filed a "Motion for Reconsideration and Motion to Alter, Amend, or Vacate the Court's Order of February 11, 2002." These motions were also denied by the circuit court on May 6, 2003, on the grounds that such reconsideration was not

permitted under the Civil Rules, and that Clifford's proper avenue of redress was an appeal. Clifford failed to file a timely appeal of the denial of his CR 60.02 motion, however, and this Court denied his motion to add the latter two orders of the Bell Circuit Court to this appeal.

Finally, on April 28, 2003, the Circuit Court of Cabell County, West Virginia, reversed the order of the family court on the grounds that it had misapplied KRS 403.140 and the divisible divorce doctrine in its ruling.

Clifford raises four arguments on appeal. First, that the Bell Circuit Court lacked personal and subject matter jurisdiction to enter the default judgment; second, that default judgments are disfavored in Kentucky and that he should be afforded the right to present his case before the circuit court; third, that Naomi deceived the circuit court as to Clifford's residency in Kentucky, thus leading it to base its jurisdiction on the mistaken belief that Clifford had resided in Kentucky for 180 days immediately prior to the filing of the initial divorce petition; and finally, that notice of the depositions of Naomi and their daughter was insufficient under CR 30.01.

█ In Kentucky, it is permissible to appeal directly from a default judgment. "However, the issue in such an appeal [is] limited to determining whether the pleadings were sufficient to uphold the judgment, or whether the appellant was actually in default." *Mingey v. Cline Leasing Service, Inc.,* Ky.App., 707 S.W.2d 794, 796 (1986) *citing Rouse v. Craig Realty Co.,* 203 Ky. 697, 262 S.W. 1083 (1924).

█ The exception to this rule is that subject matter jurisdiction is "open for the consideration of the reviewing court whenever it is raised by any·party[.]" *Com-*

*monwealth, Dept. of Highways v. Berry-man,* Ky., 363 S.W.2d 525, 526–27 (1962).

Our review of the pleadings in this case shows them to be sufficient to uphold the default judgment. Moreover, Clifford has not challenged their sufficiency, except in his prehearing statement, where he listed as one of the issues to be addressed on appeal the "[v]agueness of pleadings making grant of relief in KY divorce inequitable and illegal." He did not, however, pursue this issue in his appellate brief. Nor is there any question that Clifford was in default, nor does he contest that fact, except insofar as it relates to the circuit court's jurisdiction.

The only issue that may be properly addressed in this appeal, therefore, is whether the Bell Circuit Court had jurisdiction over this divorce action.

Clifford argues that the Bell Circuit Court was without personal or subject matter jurisdiction to issue the default judgment because he is a resident of West Virginia. He claims that West Virginia, where he filed his action, has sole jurisdiction over the issues of equitable distribution and alimony. He accuses Naomi of fraud and perjury for stating that Clifford had been a resident of Kentucky for 180 days immediately prior to the filing of her divorce petition, arguing that this led the Circuit Court mistakenly to conclude in its judgment that "[t]he record establishes and this Court finds that both the petitioner and respondent were citizens and residents of Pineville, Bell County, Kentucky for at least 180 days prior to the filing of this action."

Clifford does not indicate where in the record we may find evidence of Naomi's alleged fraud and perjury. In fact, he admits that on at least two occasions she testified that Clifford ceased to be a resident of Kentucky on September 26, 2001,

several days prior to the filing of her divorce petition.

Regardless, Clifford's claim that the Bell Circuit Court was without jurisdiction because he had not resided in Kentucky for 180 days immediately prior to the filing of Naomi's divorce petition is without merit, and rests on a misunderstanding of the requirements set out in KRS 403.140. Only one party to a divorce action is required to be a resident of Kentucky for the court to exercise jurisdiction to grant a dissolution of the marriage. KRS 403.140 states in relevant part:

(1) The Circuit Court shall enter a decree of dissolution of marriage if:

(a) The court finds that one (1) of the parties, at the time the action was commenced, resided in this state, or was stationed in this state while a member of the armed services, and that the residence or military presence has been maintained for 180 days next preceding the filing of the petition ... [.]

KRS 403.140(1)(a).

Clifford does not dispute the fact that Naomi was a resident of Kentucky for 180 days prior to the filing of her divorce petition. Under the statute, that is sufficient to give the circuit court jurisdiction to grant the dissolution. Even if Clifford's allegations of fraud and perjury against Naomi were substantiated, it is unclear why she would have needed to deceive the circuit court on this point. Similarly, therefore, the circuit court's finding that both parties had resided in Kentucky for 180 days prior to the filing of the petition was harmless error. Clifford claims that his case is directly parallel to that of *Karahalios v. Karahalios*, Ky.App., 848 S.W.2d 457, 459 (1993), in which the appellant asserted that the appellee had fraudulently procured the circuit court's jurisdiction under KRS 403.140 by misrepresenting the duration of her residency in Kentucky. In *Karahalios*, however, one party did not reside in the state, and there was a controversy about the residency of the other party. There is no controversy about Naomi's residency. This Court clearly stated in *Karahalios* that "KRS 403.140(1)(a) requires that **at least one party** to a dissolution of marriage action must have been residing in Kentucky for 180 days before filing a petition for divorce." *Karahalios*, 848 S.W.2d at 459 (emphasis supplied). That requirement has been met by Naomi in this case.

In regard to the distribution of the marital property, Clifford relies on *Gaines v. Gaines*, Ky.App., 566 S.W.2d 814 (1978), to argue that the Bell Circuit Court was without jurisdiction to award maintenance or to distribute property located outside the state of Kentucky, such as his retirement account which is held by an insurance company in New York. *Gaines* stands for the proposition that a court does not have the authority to order the disposition of property outside the state if that court does not have in personam jurisdiction over the absent spouse. "[T]he court cannot enter an in personam order directed to an absent litigant to do some act with reference to personalty which is either within or without the state." *Gaines*, 566 S.W.2d at 819. The holding in *Gaines* has been superseded, however, by the passage in 1992 of KRS 454.220, the marital long-arm statute. A divorce court in Kentucky may assert long-arm jurisdiction to distribute marital property, whether that property is located in Kentucky or elsewhere, if the nonresident respondent committed one of the predicate acts establishing grounds for personal jurisdiction in Kentucky within the statutory time limits set out in KRS 454.220. *See* L. Graham & J. Keller, 15 Kentucky Practice, Domestic Relations Law § 14.20, p. 407 (2nd ed.1997 & 2004 supp.). Kentucky's long arm statute re-

flects the holding in *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), and sets out four grounds for jurisdiction over non-residents:

> A court in any matrimonial action or family court proceeding involving a demand for support, alimony, maintenance, distributive awards, or special relief in matrimonial actions may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state, or over his or her executor or administrator, if the party seeking support is a resident of or domiciled in this state at the time the demand is made, if this state was the matrimonial domicile of the parties before their separation; the defendant abandoned the plaintiff in this state; or the claim for support, alimony, maintenance, distributive awards, or special relief in matrimonial actions accrued under the laws of this state. The action shall be filed within one (1) year of the date the respondent or defendant became a nonresident of, or moved his domicile from, this state. Service of process may be made by personal service if the defendant or respondent is found within the state or by service through the use of KRS 454.210(3).

KRS 454.220.

■ The requirements of the statute were clearly met in this case. Kentucky was Clifford and Naomi's matrimonial domicile, Clifford abandoned Naomi in Kentucky, and Naomi's claim for relief accrued under the laws of Kentucky. The action was filed well within one year of the date Clifford moved his domicile from Kentucky to West Virginia. The Bell Circuit Court therefore had personal jurisdiction over Clifford and hence subject matter jurisdiction over the entire action.

Clifford has also argued that although service through the warning order attorney may have sufficed to create jurisdiction to grant the divorce, it was insufficient to permit the distribution of any marital property. The record clearly indicates, however, that Clifford also received notice from the Kentucky Secretary of State, fully in accordance with the procedure outlined in KRS 454.210(3). Clifford had ample notice of the Kentucky action, but simply chose not to participate.

Clifford's remaining arguments, that the default judgment contravenes Kentucky's policy of treating such judgments with disfavor, and that the notice requirements of CR 30.01 were not observed in providing notice of the depositions, are precluded from our consideration because, as we have already discussed, a default judgment may only be challenged on the sufficiency of the pleadings. We also note that Clifford previously raised the issue of deposition notice in his CR 60.02 motion and never appealed the denial of that motion by the circuit court. This Court has already denied his motion to join that petition and the circuit court's order to this appeal. Clifford will not be permitted to circumvent our prior order.

The judgment of the Bell Circuit Court is affirmed.

ALL CONCUR.