Michael S. BELL, Appellant

v.

Mary H. BELL, Appellee.

No. 2012–SC–000026–DG.

Supreme Court of Kentucky.

Feb. 20, 2014.

William R. Erwin, Helton, Erwin & Associates, Danville, KY, for Appellant.

John Wesley Oakley, II, Marshall, Oakley & Oakley, for Appellee.

Opinion of the Court by Chief Justice MINTON.

We accepted discretionary review of the decision by the Court of Appeals reversing the trial court order setting the amount of Michael Bell's monthly child-support obligation. To calculate the amount of the obligation, the trial court used the child-support guidelines in Kentucky Revised Statutes (KRS) 403.212 but deviated from the statutory language of the guidelines by deducting from Michael's gross income his unreimbursed business expenses even though Michael was not self-employed. The issue before us is whether the trial court abused its discretion and misapplied the statute by deducting these unreimbursed business expenses from Michael's gross income rather than, if satisfied from the evidence that the unreimbursed expenses constitute an extraordinary factor, making an appropriate adjustment in the guideline award as allowed by statute.

We conclude the Court of Appeals properly held the trial court abused its discretion by deducting Michael's unreimbursed business' expenses from gross income because Michael was not self-employed. When dealing with family matters, a trial court has broad discretion; but that discretion does not include deviating from the statutory method of determining gross income when calculating child support. In order to deduct unreimbursed business expenses from gross income, a trial court must find the parent is self-employed. If the parent is not self-employed, the trial court may nevertheless exercise its discretion regarding unreimbursed business expenses by reducing the guideline award if deduction is warranted by the evidence. Accordingly, we now affirm the decision of the Court of Appeals and remand this case to the trial court for further proceedings not inconsistent with this Opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

The trial court held a hearing in Michael and Mary Bell's divorce action to resolve

all remaining issues before the entry of a final decree. One of the remaining issues was to establish the amount of support for Michael to pay to support their only child.

The trial court found Michael capable of earning $125,086 in gross annual income through his employment as a sales representative for a dental products supplier. Testimony established that Michael's sales job requires that he incur significant expenses for client development, which entails client entertainment and overnight travel. According to Michael's supervisor, Michael is expected to maintain and increase the market value of his clients. To this end, Michael regularly must remove a client from the workplace environment. And, further, Michael's employer pays him solely on commission from the sales he makes. Mary has not, either at the hearing or on appeal, disputed the reasonableness or necessity of these expenses.[1]

In the trial court's estimation, Michael incurs, on average,[2] $36,000 in annual unreimbursed business expenses. As a result of this finding,[3] the trial court reduced Michael's gross income from $125,086 to $89,086 and issued an order calculating his support obligation accordingly.

Both parties filed motions to alter, amend, or vacate the trial court's order. For purposes of this appeal, only Mary's motion is relevant. Particularly, Mary's motion alleged the trial court erred by reducing Michael's gross income by the amount of alleged unreimbursed business expenses. The trial court denied Mary's motion and she appealed. The Court of Appeals found the trial court abused its discretion by reading into KRS 403.212 a deduction that is not present. According to the Court of Appeals, Michael did not prove he was self-employed, so he was not entitled to have his unreimbursed business expenses deducted from his gross income for the purposes of the statutory child-support calculation. The Court of Appeals reversed the trial court's order and remanded the matter for further proceedings. Michael now appeals the decision of the Court of Appeals.

We granted discretionary review because the use of KRS 403.212 in this manner is an issue unresolved by this Court. We now affirm the Court of Appeals and attempt to offer guidance to trial courts when dealing with similar situations in the future.

## II.  ANALYSIS.

■ This case presents a single issue for our resolution: May a trial court deduct unreimbursed business expenses from an earner's gross income when calculating the proper amount of child support? This question requires us to interpret KRS 403.212 and its application to the circumstances presented in the case before us.

---

1. While married, Mary signed the couple's joint tax returns reporting Michael's expenses for deduction purposes.

2. The proof indicates that $36,000 is Michael's estimation for 2010 alone. But further testimony shows that the amount is in line with previous years, as well as forecasts for future years. We use "on average" as merely a designation that $36,000 is demonstrative of the expenses Michael routinely incurs. And Mary does not dispute the legitimacy or amount of these expenses.

3. The trial court's initial order did not contain any specific findings. Instead, the trial judge included particular findings in his "bench notes." Later, in ruling on the parties' motions to amend or vacate the ruling, the "bench notes" were incorporated by reference. As a direct result of this practice, the record in this case is unnecessarily murky. We agree with the Court of Appeals that this is poor practice and should be discouraged.

Generally speaking, a trial court enjoys "broad discretion in the establishment, enforcement, and modification of child support."[4] Accordingly, we review a trial court's decision in this context for an abuse of discretion. An abuse of discretion will only be found when a trial court's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles.[5] And statutory interpretation is a question of law for the court to be reviewed de novo.[6] Mary contends the trial court abused its discretion in deducting unreimbursed business expenses from Michael's gross income because KRS 403.212 does not allow such deduction unless the income earner is self-employed.

Through its enactment of KRS 403.212, the General Assembly established the child-support guidelines for trial courts. KRS 403.212, enacted in 2009, is a recent addition to this state's child-support framework. We find no published opinion interpreting the statute.[7] Relevant to the instant case, KRS 403.212 reads:

(2) For the purposes of the child support guidelines:

(a) "Income" means actual gross income of the parent if employed to full capacity or potential income if unemployed or underemployed.

(b) "Gross income" includes income from any source, *except as excluded in this subsection*, and includes but is not limited to income from salaries, wages, retirement and pension funds, *commissions* .... Specifically excluded are benefits received from means-tested public assistance programs, including but not limited to public assistance as defined under Title IV–A of the Federal Social Security Act, and food stamps.

(c) For income from *self-employment*, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation, "gross income" means gross receipts *minus ordinary and necessary expenses required for self-employment or business operation....* Specifically excluded from ordinary and necessary expenses for purposes of this guideline shall be investment tax credits or any other business expenses inappropriate for determining gross income for purposes of calculating child support. Income and expenses from self-employment or operation of a business shall be carefully reviewed to determine an appropriate level of gross income available to the parent to satisfy a child support obligation. (emphasis added) (footnote omitted).

The trial court found KRS 403.212 silent on the issue now before us. And the trial court believed the policy underlying KRS 403.212 supported its decision to deduct the expenses from Michael's gross income. The Court of Appeals not only disagreed with the trial court's reading of the statute but also found the trial court acted outside its authority by essentially writing a provi-

4. *Com., Cabinet for Health and Family Services v. Ivy*, 353 S.W.3d 324, 329 (Ky.2011) (internal quotation marks omitted).

5. *Artrip v. Noe*, 311 S.W.3d 229, 232 (Ky. 2010).

6. *Neurodiagnostics, Inc. v. Ky. Farm Bureau Mut. Ins. Co.*, 250 S.W.3d 321, 325 (Ky.2008).

7. In fact, our research shows only one unpublished opinion on this statute. *See Leonhardt v. Leonhardt*, 2008 WL 275139 (No. 2006–CA–001278) (Ky.App. Feb. 1, 2008). The *Leonhardt* decision will be discussed further below.

sion into the statute. Again, we agree with the Court of Appeals.

When this Court engages in statutory interpretation, our main goal is "to give effect to the intent of the General Assembly."[8] The clearest indicator of that intent is the "language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration."[9] And "[w]here the words used in a statute are clear and unambiguous and express the legislative intent, there is no room for construction and the statute must be accepted as written."[10] Here, we find the language of KRE 403.212 unambiguous and straightforward.

In KRS 403.212, the General Assembly laid out the proper method for calculating gross income for purposes of child support. Initially, we note that Michael's income, although paid on a commission basis, is explicitly included in gross income. Indeed, subsection (2)(b) provides a rather broad definition of gross income, excluding only the monies provided through federal or state assistance programs.

For a certain category of individuals, then, subsection (2)(c) allows business expenses to be deducted from gross in-come. Seeming to illustrate the potential members of this highlighted category, the subsection begins with "[f]or income from self-employment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation." The language used is unambiguous in that proving self-employment or ownership of a business is a prerequisite to entitlement to this particular calculation of gross income.[11] And general employees who simply incur unreimbursed expenses do not fall within the class described by subsection (2)(c).

Unfortunately, the General Assembly has not provided a definition for *self-employed.* The crux of Michael's argument is that his job as a salesman who works on commission classifies him as self-employed. The clear language of KRS 403.212 belies this assertion. Subsection (2)(c)'s list of employments consists only of work associated with an ownership stake in the operation of a business. The import of subsection (2)(c)'s language is that an individual like Michael, whose job classification does not equate to an ownership stake in the operation of the business, is not within the categories of employment for which the deduction of business expenses is allowed.[12] In this action, Michael has of-

---

8. *Shawnee Telecom Resources, Inc. v. Brown,* 354 S.W.3d 542, 551 (Ky.2011).

9. *Id.*

10. *Griffin v. City of Bowling Green,* 458 S.W.2d 456, 457 (Ky.1970).

11. The plain language is sufficiently clear that we see no need to resort to the underlying policy of KRS 403.212. The trial court was in error when it did so. As a reminder, "where the language of a statute is clear and unambiguous on its face, we are not free to construe it otherwise even though such construction might be more in keeping with the statute's apparent purpose." *MPM Fin. Grp., Inc. v. Morton,* 289 S.W.3d 193, 197 (Ky.

2009). Even if, for the sake of argument, we assume the purpose of the statute was as the trial court understood it to be, the language is clear so it must be applied. It is not the role of the courts to "substitute their judgment for the legislative enactment[,] for to do so would be to usurp the power reserved for the legislative authority." *Puryear v. City of Greenville,* 432 S.W.2d 437, 442 (Ky.1968).

12. Put another way, Michael's employment is not *ejusdem generis* with the employments listed in subsection (2)(c). *Ejusdem generis,* a common tool of statutory construction, generally means "of the same kind, class or nature as those specifically enumerated[.]" *Federal Chemical Co. v. Paddock,* 264 Ky. 338, 94 S.W.2d 645, 649 (1936). Michael, as a gener-

fered no proof indicating an ownership stake in the operation of the dental products supplier with which he is employed.[13]

Admittedly, Michael has an ownership stake, of sorts, in his own revenue production. That is to say, Michael's income is directly related to his ability to generate revenue through sales. But this close relationship with his personal income stream does not, without further proof, make him self-employed, a proprietor of a business, or similar to the listed classifications in KRS 403.212. The mere fact of being paid commission, without anything further, does not adequately prove a person is self-employed under KRS 403.212. As here, the responsibility for producing one's income alone does not prove self-employment.[14] Different from being silent on the issue of unreimbursed business expenses, KRS 403.212 is simply inapplicable. The General Assembly, in its province, chose not to include general employees who incur unreimbursed business expenses within the deduction outlined in KRS 403.212(2)(c). This is the opposite of silence.

Our interpretation of KRS 403.212 today, requiring an individual to be self-employed [15] to receive the deduction from gross income contemplated in subsection (2)(c), is consistent with the interpretation by the Court of Appeals. in *Leonhardt v. Leonhardt*. Despite being unpublished and not binding on this Court, we highlight the *Leonhardt* opinion as it is well-reasoned and applicable to the issue at hand. *Leonhardt* involved a wife who worked for a company that required her to incur substantial unreimbursed business expenses for advertising, marketing, and other activities necessary to build clientele. The wife argued that because she received commission compensation, she was self-employed for purposes of KRS 403.212(2)(c). The court disagreed, holding the wife "failed to clear the threshold issue of whether she is truly 'self-employed' or simply an employee who incurred unreimbursed business expenses."[16] Similarly, Michael failed to provide adequate proof of self-employment in the instant case.

We conclude with an attempt to provide guidance to trial courts when faced with this issue in the future. A trial court's discretion in setting the appropriate amount of child support is not limited simply because KRS 403.212 does not allow the deduction of an employee's unreimbursed business expenses from gross income. Instead, the trial court remains

---

al employee, is *not* of the same kind, class, or nature as the employments explicitly mentioned in subsection (2)(c).

13. As the party arguing for self-employment status, Michael bore the burden of proof on this issue. *See* CR 43.01(1) ("The party holding the affirmative of an issue must produce the evidence to prove it."). Michael has failed to meet this burden. Indeed, he has solely relied on the fact he is paid by commission to prove self-employment. Given the proper facts, an independent contractor or commission employee may be self-employed. But we are not presented with such facts in this case.

14. Notably, Michael has a supervisor. It is difficult to strain "self-employment" to fit a situation where an individual reports to a supervisor. And, surely, "self-employment" does not apply to a situation such as here where a company or supervisor may institute sales goals, bonuses, or discounts. This control over the employee's conduct is in opposition to the commonly understood meaning of being self-employed.

15. Of course, an individual may also receive income from "rents, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation" and qualify to have expenses deducted under subsection (2)(c). We focus on self-employment in this case because it is the most relevant and the sole example argued.

16. *Leonhardt*, 2008 WL 275139 at *5.

vested with wide discretion. But that discretion must be exercised at the proper point in the child-support calculation.

▮▮▮ When dealing with child support, the trial court is given the authority to deviate from the statutory guidelines.[17] Indeed, a trial court may deviate from the guidelines "where their application would be unjust or inappropriate."[18] After making the requisite finding on the record, the trial court may "allow for an appropriate adjustment of the guideline award"[19] based on certain statutorily provided criteria. Relevant to the instant case, deviation is allowed when a trial court finds "[a]ny similar factor of an extraordinary nature specifically identified by the court which would make application of the guidelines inappropriate."[20] And *extraordinary* "shall be determined by the court in its discretion."[21]

▮▮▮ KRS 403.212 constrains the trial court's methodology for calculating gross income, but KRS 403.211 allows the trial court wide discretion to "determine an appropriate level of gross income available to the parent to satisfy a child support obligation."[22] If the court determines the amount of Michael's unreimbursed expenses is an extraordinary factor, it is entirely acceptable to deviate from the guideline award to reach an equitable result. Before engaging in equity, however, the trial court must reach the guideline award applicable by properly calculating the noncustodial parent's gross income.

The trial court attempted to reach an equitable result in this case. But, importantly, the trial court "may not, under the guise of deviation, disregard or modify the intentions of the General Assembly as expressed in the child support statutes."[23] And the intentions of the General Assembly are clear. The unreimbursed business expenses at issue are not deductible from the calculation of gross income. But a trial court may in its discretion factor in any unreimbursed expenses in considering the amount of gross income that is actually available to the parent and achieving an equitable result for the obligation.

## III. CONCLUSION.

In determining the appropriate amount of child support to be paid, a trial court is vested with wide discretion to reach an equitable result. But in doing equity, a trial court must act within the statutory framework enacted by the General Assembly. Of course, a trial court may take a parent's unreimbursed business expenses into account for child-support purposes. Without proof of self-employment, however, the expenses cannot be deducted from the parent's gross income. Instead, if the trial court within its discretion finds the expenses are "extraordinary," it may deviate from the guideline amount of child support listed in the KRS 403.212 table.

Reversal of the trial court's order is necessary in this case because the trial court erred by deducting Michael's unreimbursed business expenses from his gross income without first finding if Michael was self-employed. Accordingly, we affirm the decision of the Court of Appeals and remand this case to the trial court for

17. KRS 403.211(2)–(4).

18. KRS 403.211(2).

19. KRS 403.211(3).

20. KRS 403.211(3)(g).

21. KRS 403.211(4).

22. KRS 403.212(2)(c).

23. *Ivy,* 353 S.W.3d at 329.

further proceedings not inconsistent with this opinion.

All sitting. All concur.