COMBS, JUDGE:
Jeffrey Jarboe appeals from the order of the Kenton Circuit Court denying his motion to alter, amend, or vacate the court's order concerning his child support obligation. After our review, we vacate and remand for further proceedings.
Jeffrey Jarboe and Doreen Reynolds have shared joint legal custody of their child since 2003. Following an evidentiary hearing held on December 17, 2010, the court imputed annual income to Jeffrey in the amount of $43,000.00-which was the same as Doreen's annual income. Based upon this figure, the court determined that since they shared parenting, neither party owed an obligation to pay child support to the other.
Jeffrey was subsequently prosecuted for fraud and was incarcerated in federal prison for a period of several months. The *516 parties did not resume a shared parenting schedule following his release from prison.
On April 19, 2016, Doreen filed a motion for child support. A hearing was conducted on September 30, 2016. In an order entered October 31, 2016, the trial court set Jeffrey's child support obligation at $439.50 per month. This obligation was based upon an imputed annual income of $46,000-again, an amount equal to Doreen's annual income at that time. The trial court denied Jeffrey's motion to alter, amend, or vacate. This appeal followed.
On appeal, Jeffrey contends that the trial court erred by denying him an adequate hearing before it determined whether he was voluntarily unemployed or underemployed. He contends that the trial court also erred by imputing income to him in an amount based solely upon Doreen's annual earnings.
The trial court enjoys broad discretion in the modification of a parent's child support obligation. Bell v. Bell, 423 S.W.3d 219 (Ky. 2014). We review that decision for an abuse of discretion. Id. An abuse of discretion is found where a trial court's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Downing v. Downing , 45 S.W.3d 449 (Ky. App. 2001).
Child support is calculated based upon parents' income. KRS [1] 403.212(2)(d) provides that when a parent is voluntarily unemployed or underemployed, support "shall be calculated based on a determination of potential income, except that a determination of potential income shall not be made for a parent who is physically or mentally incapacitated...." (Emphasis added). The statute provides that potential income "shall be determined based upon employment potential and probable earnings level based on the obligor's ... recent work history, occupational qualifications, and prevailing job opportunities and earnings levels in the community." Id.
There was some evidence introduced at the trial court's hearing to indicate that both the Veterans' Administration and the Social Security Administration had determined that Jeffrey was disabled. As noted above, if one is physically incapacitated, a trial court is not authorized to make a determination of his potential income pursuant to KRS 403.212(2)(d). Moreover, the trial court's conclusion that Jeffrey's potential annual income equaled $46,000 was not derived from his probable earnings level based on his "recent work history, occupational qualifications, and prevailing job opportunities and earnings levels in the community." Instead, the court based Jeffrey's potential income solely upon Doreen's annual income. Under the circumstances, this determination is not supported by the law, and we cannot affirm it.
We vacate the judgment of the Kenton Circuit Court and remand for further proceedings.
ALL CONCUR.

Kentucky Revised Statutes.