RENDERED:  JANUARY 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0289-MR

ROY STEWART                                                                          APPELLANT

v.
APPEAL FROM JACKSON CIRCUIT COURT
HONORABLE OSCAR GAYLE HOUSE, JUDGE
ACTION NO. 20-CI-00042

WILLARD MCQUEEN AND
TERESA HAMMONS                                                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE:  Roy Stewart filed this appeal seeking this Court's

reversal of the Jackson Circuit Court's default judgment in favor of Willard

McQueen.  Stewart claims that McQueen never served Stewart with process and

that Stewart never entered an appearance in the action.  Thus, Stewart claims that

the default judgment is void for lack of personal jurisdiction. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2020, McQueen filed a complaint in Jackson Circuit Court against Stewart and Teresa Hammons. McQueen alleged that he incurred severe injuries when multiple dogs owned by Stewart and Hammons attacked McQueen while lawfully on their property.

After numerous attempts to serve Stewart and Hammons via the Jackson County Sheriff's Office, McQueen filed a motion on June 12, 2020, requesting the circuit court to appoint a temporary special bailiff. McQueen indicated in his motion his belief that Stewart and Hammons were avoiding service of McQueen's complaint. According to the motion's certificate of service, McQueen's counsel mailed a copy of the motion to Stewart's home address.

The circuit court held a hearing on McQueen's motion during a motion hour on July 7, 2020. Although neither party provided a video recording or transcript of the hearing for the record, both parties provided short summaries of the hearing in their briefs. McQueen's counsel appeared at the hearing virtually via Microsoft Teams due to the COVID-19 pandemic and presented his motion to the circuit court to appoint a special bailiff for service of process upon both Stewart and Hammons. In their briefs, both parties also indicated that Stewart was

physically present in the courtroom for the hearing. McQueen states in his brief that the court explained to Stewart at the hearing that McQueen was attempting to effectuate service of the complaint upon him. Both parties agree that the court asked Stewart if McQueen had served him, and Stewart replied that he had not. Thereafter, the court indicated that it was granting the motion for the appointment of a special bailiff. The circuit court subsequently entered an order on July 16, 2020, confirming that it was appointing a special bailiff for service on Stewart.

The record includes proof of service from the special bailiff stating that a copy of the summons and complaint were "delivered" to Stewart "at his home" on July 20, 2020. The proof of service also indicated that Stewart "refused to sign." While the special bailiff signed the proof of service, he did not provide a supporting affidavit as required from special bailiffs under Kentucky Revised Statutes ("KRS") 454.145.

McQueen subsequently filed a motion for default judgment on November 10, 2020. In his motion, McQueen alleged that the court-appointed special bailiff attempted service on Stewart on July 22, 2020, but that Stewart had concealed himself from the bailiff and had attempted to have his dogs attack the special bailiff. The motion further indicated that the special bailiff had ultimately left a signed copy of the complaint and civil summons on a vehicle located at Stewart's place of residence. Finally, McQueen alleged that Stewart had filed no

responsive pleading and more than twenty days had passed since Stewart "entered his appearance before the circuit court" at the special bailiff hearing.

The circuit court subsequently entered a default judgment against Stewart on December 3, 2020. In the order, the circuit court found that Stewart had entered an appearance with the court at the special bailiff hearing, that Stewart had waived any defense of insufficiency of service of process, and that Stewart had filed no responsive pleading to McQueen's complaint.

Thereafter, the circuit court held a hearing on damages on February 2, 2021, and ultimately entered an order granting default judgment damages in favor of McQueen for $298,914.00 plus costs of $405.00 and post-judgment interest. Stewart did not file a motion to set aside the default judgment under Kentucky Rule of Civil Procedure ("CR") 55.02, opting instead to file a direct appeal.

## ANALYSIS

### a. Standard of Review

CR 55.02 permits a party against whom a trial court enters a default judgment to seek relief directly from the trial court. *See* CR 55.02 ("For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."). However, instead of attempting to have the judgment set aside, a party may pursue a direct appeal from a default judgment. *Jeffrey v. Jeffrey*, 153 S.W.3d 849, 851 (Ky. App. 2004).

However, it stands to reason that an appellate court's standard of review of the circuit court's action differs depending on which avenue a litigant pursues. *Id*. (citations omitted). When a defendant against whom a default judgment has been obtained files an immediate appeal without seeking relief from the circuit court's default judgment by way of a motion pursuant to CR 55.02 and CR 60.02, the appellate court's review is "limited to determining whether the pleadings were sufficient to uphold the judgment, or whether the appellant was actually in default." *Mingey v. Cline Leasing Service, Inc.*, 707 S.W.2d 794, 796 (Ky. App. 1986) (citation omitted).

### b. Discussion

Stewart's primary argument on appeal is that the circuit court erred in granting a default judgment in McQueen's favor because McQueen had not personally served Stewart with the summons and complaint, and Stewart had not entered an appearance in the action. Thus, the circuit court had not obtained personal jurisdiction over him.

As previously discussed, we must first determine "whether the pleadings were sufficient to uphold the judgment[.]" *Id*. While "a default judgment may not be based on a complaint which completely fails to state a cause of action, . . . it is also true that much leniency is shown in construing such a

complaint[.]" *Crowder v. American Mut. Liability Ins. Co.*, 379 S.W.2d 236, 238 (Ky. 1964).

In this case, a review of the pleadings reveals them sufficient to uphold the circuit court's default judgment entry. McQueen's complaint alleged that he, Stewart, and Hammons were residents of Jackson County and that McQueen was claiming damages above the minimum amount necessary to invoke the circuit court's jurisdiction. McQueen's complaint further alleged that McQueen was lawfully at Stewart's premises; that multiple dogs owned by Stewart and Hammons attacked and bit McQueen; that the dogs were vicious by nature and that Stewart and Hammons had notice of the dogs' vicious nature; that Stewart and Hammons wrongfully, unlawfully, and injuriously kept and harbored the dogs and wrongfully and negligently allowed the dogs to cause McQueen's injuries; and that Stewart's and Hammons's failure to confine or restrain the dogs was the direct and proximate cause of McQueen's severe physical and emotional injuries. The complaint further alleged that Stewart and Hammons violated KRS 258.235 by failing to control their animals properly. Consequently, the complaint indicated that McQueen sought damages against Hammons and Stewart. The preceding language evidences "a short and plain statement of the claim showing that the pleader is entitled to relief and . . . a demand for judgment for the relief to which he deems himself entitled." CR 8.01.

We next turn to the circumstances under which a trial court may enter a default judgment. CR 55.01. Those circumstances are either when a defendant does not appear in an action or when a defendant who has appeared fails to defend as the civil rules require. *See* CR 55.01 ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply to the court therefor.").

It strains credulity to conclude that McQueen was not entitled to a default judgment when the record reflects that Stewart willfully and purposely avoided service of process, even potentially endangering the physical well-being of the special bailiff in his attempts to personally serve Stewart with process. The foregoing, coupled with Stewart's presence at – and presumptive notice of – the special bailiff hearing and notification by the circuit court that McQueen was attempting to effectuate personal service on Stewart, provide no excuse or explanation for Stewart's complete failure to respond to any of McQueen's pleadings. McQueen provided Stewart with notice of every pleading that McQueen filed, and the circuit court clerk provided Stewart with a copy of every order entered by the circuit court. Finally, McQueen provided ample notice to Stewart of his intent to file a motion for default judgment under CR 55.01 – if indeed such notice was even required – as the clerk sent a copy of McQueen's

motion for default judgment to Stewart on November 6, 2020 and the circuit court did not hold a hearing on the motion until December 1, 2020, well after the rule's three-day requirement for those litigants who have appeared in the action. *See* 55.01.

Therefore, applying the standard discussed in *Jeffrey*, *supra*, we find that the pleadings were sufficient to uphold the judgment and that Stewart was in default under the provisions of CR 55.01.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the Jackson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Edward L. Cooley
Nicole Iuliano
Ryan Robey
Lexington, Kentucky

BRIEF FOR APPELLEES:

Brittany N. Riley
London, Kentucky