RENDERED:  SEPTEMBER 12, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1369-MR

LANCE RICHARD MOTTER                           APPELLANT

v.              APPEAL FROM MARSHALL CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE STEPHANIE J. PERLOW, JUDGE
ACTION NO. 23-CI-00282

VICTORIA CRUSE MOTTER                        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  Lance Richard Motter appeals from an order which denied his motion to set aside a judgment which divided marital property in a divorce action.  Appellant argues that the trial court did not have personal jurisdiction over him at the time the marital property was divided; therefore, the motion to set aside should have been granted.  We agree and reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Appellant and Victoria Cruse Motter were married in 1993 in Lock Haven, Pennsylvania. They later moved to Kentucky and resided together in this state until their separation on February 1, 2022. Appellant moved back to Pennsylvania on April 1, 2022. Appellee filed a petition for dissolution of marriage on September 24, 2023. She attempted to serve the petition upon Appellant at his last known address in Pennsylvania via the Kentucky Secretary of State, but the mailing was returned as "undelivered." Appellee was then allowed to attempt to serve him via a warning order attorney at the same address. The return receipt for that mailing was signed by Jane Motter.[1]

A final hearing on the dissolution action was held on May 28, 2024. Appellant did not participate or make himself otherwise known before the court. A decree of dissolution was entered the next day which divorced the parties and divided the marital assets. Appellee was awarded the marital home, any bank account in her name, and a vehicle. Appellant was awarded any bank account in his name, a vehicle, an annuity fund worth over $12,000, a fishing boat, fishing equipment, various guns, and gun related equipment. Appellee was also credited with paying $11,000 worth of marital debt.

---

[1] Jane Motter's relationship to the parties is not revealed in the record before us.

On August 7, 2024, Appellant moved to set aside the judgment based on lack of personal jurisdiction. He entered a special appearance in this matter specifically to contest the jurisdiction issue. Appellant cited to Kentucky Revised Statutes (KRS) 454.220 in support of his argument. KRS 454.220 states:

> A court in any matrimonial action or family court proceeding involving a demand for support, alimony, maintenance, distributive awards, or special relief in matrimonial actions may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state, or over his or her executor or administrator, if the party seeking support is a resident of or domiciled in this state at the time the demand is made, if this state was the matrimonial domicile of the parties before their separation; the defendant abandoned the plaintiff in this state; or the claim for support, alimony, maintenance, distributive awards, or special relief in matrimonial actions accrued under the laws of this state. The action shall be filed within one (1) year of the date the respondent or defendant became a nonresident of, or moved his domicile from, this state. Service of process may be made by personal service if the defendant or respondent is found within the state or by service through the use of KRS 454.210(3).

Appellant claimed that he moved from Kentucky in April of 2022, but the divorce action was not filed until September of 2023, which is more than one year after he began residing in Pennsylvania. Appellant argued that the one-year limitation

period in KRS 454.220 applied, and the trial court did not have personal jurisdiction over him in order to divide the marital property.[2]

Appellee argued that KRS 454.220 did not apply in this case because the court made no ruling regarding a "demand for support, alimony, maintenance, distributive awards, or special relief." Appellee further argued that the court had jurisdiction over Appellant based on KRS 454.210(2)(f), which states:

> (2) A court may exercise personal jurisdiction over a person who is a party to a civil action on any basis consistent with the Constitution of Kentucky and the Constitution of the United States, including but not limited to the person's:
>
> . . .
>
> (f) Having an interest in, using, or possessing real property in this Commonwealth, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself or herself voluntarily institute the relationship, and did not knowingly perform, or fail to perform, the act or acts upon which jurisdiction is predicated[.]

Appellee claimed that because the parties had a marital residence, KRS 454.210(2)(f) applied.

---

[2] Appellant does not claim that the dissolution of the parties' marriage was error, only the division of marital property.

-4-

The trial court agreed with Appellee's arguments and held that it did have personal jurisdiction over Appellant pursuant to KRS 454.210(2)(f) and that KRS 454.220 did not apply. The court found that it divided marital property and did not make an award regarding a "demand for support, alimony, maintenance, distributive awards, or special relief[.]" The court did indicate that "distributive award" could potentially describe a division of marital assets; however, the court found no definition for the term in Kentucky jurisprudence and looked to neighboring states for a definition. The court examined a definition from Ohio found in Ohio Rev. Code Ann. § 3105.171(A)(1) which defines a distributive award as "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support[.]" The court held that it only divided marital assets and debts and did not require Appellant to make any payment to Appellee out of separate, nonmarital property; therefore, the division of marital assets and debts was not a distributive award. This appeal followed.

**STANDARD OF REVIEW**

As the proper interpretation of a statute is purely a legal issue, our review is *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003) (citations omitted). When engaging in statutory interpretation,

-5-

our main goal is "to give effect to the intent of the General Assembly." The clearest indicator of that intent is the "language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration." And "[w]here the words used in a statute are clear and unambiguous and express the legislative intent, there is no room for construction and the statute must be accepted as written."

*Bell v. Bell*, 423 S.W.3d 219, 223 (Ky. 2014) (footnotes and citations omitted).

When particular words need interpretation, we should look to the common meaning of the particular words chosen, which meaning is often determined by reference to dictionary definitions. This is in accordance with KRS 446.080(4), which states: "All words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning." We recognize, however, that dictionary definitions are not necessarily conclusive and legislative intent reigns supreme.

Sometimes a review of the words in a statute will reveal a latent ambiguity, in which a particular word or words is subject to more than one reasonable interpretation. In such a situation, we must consider all of the relevant accompanying facts, circumstances, and laws, including time-honored cannons of construction[.] This may include considering the general purpose of the statute.

We have repeatedly stated that we must not be guided by a single sentence of a statute but must look to the provisions of the whole statute and its object and policy. A particular word, sentence or subsection under review should not be viewed in a vacuum. Instead, the entire statute should be considered in context with other

parts of the law with any key language interpreted by considering the whole act in which it appears.

*Erie Insurance Exchange v. Johnson*, 713 S.W.3d 149, 156 (Ky. 2025) (internal quotation marks and citations omitted).

## ANALYSIS

On appeal, Appellant argues that KRS 454.220 applies. We agree. We believe the term "distributive award" includes the division of marital property. Appellee and the trial court cite to statutes in other jurisdictions that define distributive awards generally as a payment to another out of nonmarital property; however, our legislature has not defined the term. As there is no definition for us to refer to in our statutes, we look to the common usage of the term. Distribute is defined as "1. To apportion; to divide among several.[;] 2. To arrange by class or order.[;] 3. To deliver.[;] 4. To spread out; to disperse." *Distribute*, BLACK'S LAW DICTIONARY (12th ed. 2024). Distributive is defined as "[o]f, relating to, or involving the apportionment, division, or assignment of separate items or shares; pertaining to distribution." *Distributive*, BLACK'S LAW DICTIONARY (12th ed. 2024). We believe these definitions support our conclusion that a distributive award includes the division of marital property. To distribute means to divide.

In addition, KRS 454.210, which was relied upon by the trial court to confer personal jurisdiction, is the general long-arm statute in Kentucky. KRS 454.210(2)(f) allows for jurisdiction if there is real property involved. On the other

-7-

hand, KRS 454.220 is a long-arm statute specifically for matrimonial actions and family court proceedings dealing with the distribution of marital property. "When there appears to be a conflict between two statutes . . . a general rule of statutory construction mandates that the specific provision take[s] precedence over the general." *Commonwealth v. Phon*, 17 S.W.3d 106, 107 (Ky. 2000), *as corrected* (Apr. 20, 2000) (footnote and citations omitted). Here we have a general long-arm statute, KRS 454.210, and a specific one, KRS 454.220. Based on this tenet of statutory construction and interpretation, KRS 454.220, along with its one-year limitation period, applies in this case.

We find support for our conclusion in the case of *Jeffrey v. Jeffrey*, 153 S.W.3d 849 (Ky. App. 2004). In *Jeffrey*, Naomi and Clifford Jeffrey were married in West Virginia and later resided in Kentucky. They separated on September 26, 2001, and Clifford permanently moved to West Virginia. In October of 2001, Naomi filed a petition for dissolution in Bell Circuit Court, and eventually served Clifford via the Kentucky Secretary of State. Clifford filed his own dissolution action in the Family Court of Cabell County, West Virginia in November of 2001.

Clifford did not appear in the Bell Circuit Court action. After a hearing, the court granted Naomi's petition for dissolution and divided the marital property and awarded Naomi maintenance. Clifford appealed that judgment.

On appeal, one issue raised by Clifford was that the Bell Circuit Court did not have personal jurisdiction over him. Citing to KRS 454.220, a previous panel of this Court disagreed and held that "[a] divorce court in Kentucky may assert long-arm jurisdiction to distribute marital property, whether that property is located in Kentucky or elsewhere, if the nonresident respondent committed one of the predicate acts establishing grounds for personal jurisdiction in Kentucky within the statutory time limits set out in KRS 454.220." *Jeffrey*, 153 S.W.3d at 852 (citation omitted). While the *Jeffrey* case did not involve a dispute regarding the definition of "distributive award," the Court did use the phrase "distribute marital property" and specifically cited to KRS 454.220 as justification for the division of marital property. We believe this holding supports our conclusion that the division of marital property is a distributive award.

We also believe that additional support can be found in KRS 403.190, the disposition of marital property statute. KRS 403.190(1) states in relevant part:

> In a proceeding for dissolution of the marriage or for legal separation, or *in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property*, the court shall assign each spouse's property to him.

(Emphasis added.) KRS 403.190 specifically references a situation like we have now, where there has been a dissolution of the marriage, but there was insufficient personal jurisdiction over one spouse to allow for a division of marital property.

We conclude that KRS 454.220 applies in this case. Appellee failed to file her division of marital property action within one year after Appellant left the state; therefore, the trial court did not have personal jurisdiction over Appellant for the purposes of dividing marital property.

In the alternative, even if KRS 454.220 did not apply, we would still be obligated to reverse and remand. We have previously cited to KRS 454.210, the general long-arm statute. The version of KRS 454.210 that we cited to, and which was relied upon by the trial court in denying Appellant's motion to set aside, is the current version of the statute that became effective on July 15, 2024. The version of that statute which was in effect when Appellee first petitioned for dissolution, and which was in effect when the judgment dividing the marital property was entered, is different. The previous version of KRS 454.210 states in relevant part:

> (2) (a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
>
> . . .
>
> 6. Having an interest in, using, or possessing real property in this Commonwealth, providing the claim arises from the interest in, use of, or possession of the real property, provided, however, that such in personam jurisdiction shall not be imposed on a nonresident who did not himself voluntarily institute the relationship, and did not knowingly perform, or fail to perform, the act or acts upon which jurisdiction is predicated[.]

-10-

. . .

> (b) When jurisdiction over a person is based solely upon this section, only a claim arising from acts enumerated in this section may be asserted against him.

If the trial court relied on the current version of the long-arm statute regarding real property when it denied the motion to set aside, then it had to have relied on the previous version's provision regarding real property when it entered the order dividing or distributing the marital property. We believe this would have also been in error. KRS 454.210(2)(b), which has been removed from the current version of the statute, states that only those claims arising from the KRS 454.210(2)(a) provisions could be raised. That would mean Appellee could have only raised a claim regarding the marital home. The court would not have been able to rule on the division of debts, vehicles, bank accounts, the annuity, and the other marital property because they were not related to the real property. The court would not have had personal jurisdiction over Appellant based on the previous version of KRS 454.210 as it regarded these other marital property issues. This would have precluded a full and equitable division of marital property.

Again, this would also support our conclusion that KRS 454.220, the specific family court long-arm statute, applies. Unlike the previous version of KRS 454.210, KRS 454.220 would allow the court to have personal jurisdiction

over both spouses and allow claims for all marital property issues to be determined, so long as the limitation period is adhered to.

## **CONCLUSION**

Based on the foregoing, we reverse and remand. The trial court did not have personal jurisdiction over Appellant as it pertains to the division or distribution of marital property. The court erred in determining that KRS 454.220 and its one-year limitation period did not apply.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Robert L. Prince                              Chris Hendricks
Benton, Kentucky                             Murray, Kentucky